**UNITED STATES of America, Appellee,**

v.

**Anthony R. WEST, Appellant.**

**No. 88–1630.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1989.

Decided July 12, 1989.

Delaney Dean, Kansas City, Mo., for appellant.

Thomas Henry Newton, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Anthony R. West appeals his conviction on one count of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). We affirm.

West was indicted on four charges of cocaine distribution, and came to trial on the charges in February 1988. After a witness-informant failed to appear to testify at trial, one of the counts was dismissed. The other three counts were submitted to the jury. The jury returned a guilty verdict on Count III and an acquittal on Count I, but was unable to agree on a verdict on the remaining count. The District Court[1] sentenced West to 15 years imprisonment on Count III.

West urges us to overturn his conviction for three reasons: first, because the District Court abused its discretion by denying his counsel's motion for a continuance; second, because inadmissible hearsay evidence was heard at trial; and third, because the District Court improperly injected itself into the proceedings in an adversarial manner.

### I.

Two weeks before West's February 22, 1988 trial date, the attorney who had been representing West withdrew from the case. New counsel entered her appearance at a pretrial conference held on February 9, 1988, and moved for a continuance. That motion was denied, and counsel commenced preparation for the trial. She contends that her preparation of the case was hindered, however, by many factors, including the government's unwillingness to photocopy its file for her (in apparent accordance with office practice), the location of her client in a jail forty miles away from her office, and the government's inability to produce the second of its two key witnesses for pre-trial interview until the Friday before the Monday on which trial was to begin.[2] Counsel again moved for a continuance on that Friday. The motion was denied.[3]

■ Because the decision to deny a continuance is within the sound discretion of the trial court, "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'" *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616–1617, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)), would provide grounds for reversal. The record in this case does not show that the District Court's refusal to grant a continuance was either unreasoning or arbitrary. The trial date was set at the December 21, 1987 omnibus hearing. West failed to demonstrate any compelling reason for tampering with that long-scheduled date. *See Morris*, 461 U.S. at 11, 103 S.Ct. at 1616 ("Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons."). Certainly the government's policy of not

1. The Honorable Scott O. Wright, Chief United States District Judge for the Western District of Missouri.

2. West complains that the government's failure to make available the two informants for interview earlier violated a court order and precluded him from receiving effective assistance. Item III.E.4. of the standard Omnibus Hearing Report filed by the Chief Magistrate in this case directed the government to supply the name and address of each witness at least ten days prior to trial. It did not require that the government physically produce each witness. Counsel for West contended at oral argument that at the February 9, 1988 pretrial conference, the Chief Magistrate orally directed the government to produce the informant-witnesses ten days prior to trial. In his report of that conference, however, the Chief Magistrate indicated that the government would make the informants available for interview on February 17 or 18. The informants apparently were brought to town on February 18, but counsel was not able to interview the second witness until Friday, February 19, 1988.

West's counsel contends that until then she did not know that both witnesses had psychiatric histories. Even so, it is not clear to us why counsel could not have subpoenaed the psychiatric records that Friday afternoon, or during the trial before her cross-examination of the informant began.

3. This motion for a continuance indicated that counsel needed additional time to obtain psychiatric records of the two informant-witnesses. Although it denied the motion, the District Court directed the government to assist counsel in obtaining those records. *See* Appellant's Brief at 11.

photocopying its file for West's counsel did not provide such a compelling reason, since the complete file was available for her review from the date she entered her appearance two weeks before trial. Nor did the unavailability of the witness-informants until February 18 or 19 or the forty-mile drive to see her client unduly burden counsel.

Most of the difficulties encountered by West's new counsel were the product of West's decision to change counsel only two weeks before the scheduled trial date. To retain new counsel at that late date and then seek to delay trial to give the new counsel more preparation time is a tactic we think a district court need not tolerate. We hold that the District Court did not abuse its discretion by denying West's motion for a continuance.

## II.

■ West cites two instances at trial during which witnesses volunteered hearsay statements to the effect that West had sold drugs. Each time, defense counsel's objection was sustained and the jury instructed to disregard the remark. In addition, West complains about the government's references to the charge that was eventually dismissed when the informant-witness failed to appear. Although the District Court instructed the jury to disregard the inadmissible hearsay and the references to the dismissed charge, West contends that "the court could not by that admonition erase the effect that such testimony must have had on the members of the jury." Appellant's Brief at 17.

West's argument is undercut by the fact that the jury in fact returned an acquittal on one count and failed to reach a verdict on another. In addition, we observe that nothing in this record suggests that the jury in any way disregarded or was unable to follow the District Court's instructions. Finally, the record establishes that strong

inculpatory evidence, including the testimony of an informant and a tape recording of the transaction, was adduced on Count III. We therefore cannot conclude that the unadmitted statements influenced the jury in reaching its verdict of guilty on Count III. *See United States v. Haley,* 452 F.2d 398, 404 (8th Cir.1971), *cert. denied,* 405 U.S. 977, 92 S.Ct. 1205, 31 L.Ed.2d 253 (1972). We think that the District Court followed the proper course by sustaining West's objections and giving limiting instructions, and that there is no basis here for reversing West's conviction.

## III.

■ Finally, West contends that his conviction should be overturned because the District Court inappropriately admonished his counsel during her cross-examination of government witnesses. Having reviewed the record pertaining to the instances to which West refers, we conclude that the District Court properly exercised its authority to control the behavior of counsel during trial.[4] This is not a case in which the trial court "exceed[ed] the boundaries of fair discipline by official disparagement of counsel or of a litigant's case." *United States v. Porter,* 441 F.2d 1204, 1213 (8th Cir.), *cert. denied sub nom. Harrison v. United States,* 404 U.S. 911, 92 S.Ct. 238, 30 L.Ed.2d 184 (1971). We are satisfied that the District Court's actions in no way manifested any bias against West or in favor of the government.

The judgment of the District Court is affirmed.

---

**4.** Typical of the instances of which West complains is the following, which occurred during defense counsel's cross-examination of a government witness:

[DEFENSE COUNSEL]: That was quite a speech. Have you been thinking about this for a while?

THE COURT: Now wait a minute. Now don't you comment about that.

[DEFENSE COUNSEL]: All right, sir. I apologize.

Tr. at 131.