Scott Tilsen, Minneapolis, Minn., for appellant.

Denise Reilly, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

McMILLIAN, Circuit Judge.

Damon Rae Prestemon appeals from the final judgment entered in the District Court[1] for the District of Minnesota upon resentencing after he pleaded guilty to armed bank robbery, 18 U.S.C. § 2113(a), (d). The district court previously sentenced

**UNITED STATES of America, Appellee,**

v.

**Damon Rae PRESTEMON, Appellant.**

**No. 91–2553.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1991.

Decided Jan. 9, 1992.

---

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of   Minnesota.

Prestemon under the Sentencing Guidelines to twenty-four months imprisonment, which represented a downward departure from the applicable Guideline range of 33 to 41 months. We vacated the sentence and remanded for resentencing in *United States v. Prestemon*, 929 F.2d 1275, 1276 (8th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 220, 116 L.Ed.2d 178 (1991) (*Prestemon I*). For reversal, Prestemon argues that the district court was under the mistaken belief that we had completely limited the district court's authority to depart downward from the Guidelines on resentencing. For the reasons discussed below, we affirm Prestemon's sentence.

The district court's initial downward departure was based on Prestemon's status as a bi-racial individual who had been adopted by white parents, and on the disparity between the sentencing range applicable to Prestemon and the lower range applicable to a defendant in a bank fraud case pending before the court. The district court had also noted that Prestemon was only twenty-one years old at the time of the offense, had been an honor student in high school, and had successfully completed one year of vocational training. *Id.*

We concluded in *Prestemon I* that the district court had abused its discretion in departing downward based on Prestemon's status as a bi-racial adopted child, and that the court should not have relied on the perceived disparity between the sentencing ranges applicable in Prestemon's case and in another bank case. *Id.* at 1277–78. We stated that the district court "on remand should consider [Prestemon's status as a bi-racial adopted child], as well as [Prestemon's] excellent academic record and other factors, in deciding the sentence to be imposed within the applicable guideline sentencing range." We remanded "for resentencing within the applicable guideline sentencing range." *Id.* at 1278.

On remand, Prestemon argued that this court had not directed the district court to impose any specific sentence and urged other bases for a downward departure, including such factors as Prestemon's drug rehabilitation in prison. At the resentencing hearing, the district court stated that, pursuant to this court's mandate, it would sentence Prestemon within the applicable Guideline range to thirty-three months imprisonment and five years supervised release.

Prestemon's argument that the court was under the mistaken belief that we had completely limited its authority to depart downward is foreclosed by the mandate of this court in *Prestemon I*, which was to resentence Prestemon within the "applicable guideline sentencing range," giving due consideration to his status as a bi-racial adopted child, excellent academic record, and "other factors." *Id.* at 1278. Accordingly, we affirm Prestemon's sentence.

HEANEY, Senior Circuit Judge, dissenting.

I believe that this court erred in reversing Judge Donald Alsop. We constantly encourage district court judges to exercise their discretion in sentencing, and then reverse them when they do. On remand, Judge Alsop did the only thing he could. He complied with this court's order. As a result, a promising young man is facing a long prison sentence; and according to recent statistics published by the U.S. Bureau of Prisons, he will probably come out more inclined to commit crime than before he went in.