**Anthony R. WEST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 92–3047.

United States Court of Appeals, Eighth Circuit.

Submitted April 9, 1993.

Decided June 1, 1993.

Rehearing Denied July 13, 1993.

Thomas H. Newton, Asst. U.S. Atty., Kansas City, MO, for U.S.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Anthony R. West, a federal prisoner in Arizona, appeals from the district court's denial of his 28 U.S.C. § 2255 motion. We affirm in part and reverse in part and remand for development of the record as to West's claim of ineffective assistance of counsel.

In 1988, West was convicted of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). At the sentencing hearing, West's counsel objected to two items in the presentence report (PSR). After discussion, the court excluded a reference to West's juvenile record, and added that West's wife recanted her earlier report that West had threatened her. The court then sentenced West to fifteen years imprisonment. West appealed, arguing that the district court abused its discretion by denying his counsel's pre-trial motion for a continuance, that inadmissible hearsay evidence was heard at trial, and that the district court improperly injected itself into the proceedings in an adversarial manner. This court affirmed. *United States v. West*, 878 F.2d 1111 (8th Cir.1989).

In April 1990, West filed a "Motion for Findings of Fact Pursuant to Fed.R.Crim.P. 32 and Modification of Sentence Pursuant to 28 U.S.C. § 2255." West alleged, inter alia, that prior to appearing at his sentencing hearing, he had not been able to review the PSR—a violation of 18 U.S.C. § 3552(d); and that during a brief review of the PSR in the courtroom he pointed out several errors to his trial counsel, but she failed to direct the court's attention to all of them. West argued that his sentence was invalid under 18 U.S.C. § 3552(d) and denied him due process because it was based on false information in the PSR. West argued that the court failed to comply with Rule 32(c)(3)(D) because it failed to make specific findings of fact with regard to each of the factual inaccuracies raised by

Appellant proceeded pro se.

West's counsel at the sentencing hearing, and the court did not indicate that it was not relying upon the controverted information. West did not claim that counsel was ineffective on direct appeal for failing to raise these issues. West did claim, however, that he was denied effective assistance of counsel at the sentencing hearing because counsel failed to raise all of the mistakes in the PSR that West had pointed out, and counsel failed to make sure the court complied with Rule 32. In June 1992, the district court denied West's motion without holding an evidentiary hearing.

West now argues that the district court should have held an evidentiary hearing; that the sentencing court did not make the required Rule 32(c)(3)(D) findings; that he has a Fifth Amendment due process right to be sentenced only on the basis of information which is materially true; and that the district court judge should have recused himself because of his apparent bias against West. West also argues that he was denied effective assistance of counsel at sentencing; that he was given only fifteen minutes to review the PSR; and that he can prove the information in the PSR is false.

■ A section 2255 motion " 'may not do service for an appeal.' " *Reid v. United States,* 976 F.2d 446, 447 (8th Cir.1992) (quoting *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982)), *cert. denied,* —— U.S. ——, 113 S.Ct. 1351, 122 L.Ed.2d 732 (1993). At least two claims West raised in his section 2255 motion—Rule 32(c)(3)(D) violations and materially false information in the PSR—should have been, but were not, raised at sentencing and on direct appeal. Because the government never raised procedural default, however, and the district court considered the merits of the claims, we will do likewise.

■ West's claim that the sentencing court failed to make findings of fact pursuant to Rule 32(c)(3)(D) is meritless. West's counsel raised only two objections to information contained in the PSR. In each instance, the court made specific findings of fact on the record and either deleted the information or modified it pursuant to West's request.[1] *See Poor Thunder v. United States,* 810 F.2d 817, 822, 824–25 (8th Cir. 1987). The sentencing court was not required to conduct its own investigation under Rule 32, and its failure to do so does not constitute reversible error. *See United States v. Petty,* 798 F.2d 1157, 1162 (8th Cir.1986) (per curiam), *cert. denied,* 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 (1987).

■ We also reject West's claim that he was denied due process. Assuming that some of the information contained in the PSR was false, a defendant is not deprived of due process when sentenced on the basis of such information as long as the defendant "was afforded an adequate opportunity to challenge the information." *United States v. Sciacca,* 879 F.2d 415, 416–17 (8th Cir.1989); *United States v. Kelly,* 687 F.2d 1217, 1221 (8th Cir.1982) (per curiam) ("When the sentencing court has afforded the defendant full opportunity to point out any factual errors in the presentence report, and he fails to do so, the court does not deny the defendant due process in imposing sentence."). It is clear from the record that the sentencing court gave West's counsel an opportunity to object to the PSR, and gave West an opportunity to "add anything." Thus, the court did not deny West due process.

■ We conclude that the district court judge did not abuse his discretion by failing sua sponte to recuse himself, because West has not established that the judge was biased or prejudiced against him. *See United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir.1984) (disqualification required only where judge's impartiality might reasonably be questioned or judge had personal bias or prejudice), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 632 (1985). While the delays in ruling on West's section 2255 motion were unfortunate, they do not evidence bias. We also reject West's argument that the district court judge should have recused himself based on his supervision of West's

---

1. We note, however, that the sentencing court failed to include in the addendum to the PSR its oral directive to delete the reference to West's juvenile record. We request the court to take appropriate action on remand.

former probation officer, because that interaction occurred in the judge's judicial capacity. *See Hale v. Firestone Tire & Rubber Co.,* 756 F.2d 1322, 1329 (8th Cir.1985) (facts learned by judge in judicial capacity cannot be basis for disqualification); *Faul,* 748 F.2d at 1211 (alleged bias must come from "extrajudicial" source).

■ We conclude, however, that West's ineffective assistance claim warrants further consideration. *See Ryder v. Morris,* 752 F.2d 327, 332–33 (8th Cir.) (district court should hold evidentiary hearing to determine if counsel was ineffective for failing to raise alleged inaccuracies in PSR), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). To establish ineffective assistance of counsel, West must show that counsel's representation fell below an objective standard of reasonableness and that the result of the sentencing proceeding was rendered unreliable or fundamentally unfair by counsel's deficient performance. *See Lockhart v. Fretwell,* — U.S. —, —, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at —, 113 S.Ct. at 844.

■ If West's counsel failed "to discover the substance of [the PSR], and to develop and present rebuttal material, . . . it is possible that [West] received ineffective assistance of counsel." *Ryder,* 752 F.2d at 332. "[C]ounsel has 'the overarching duty to advocate the defendant's cause[,] . . . to consult with the defendant on important decisions[,] . . . to keep the defendant informed of important developments,' and to 'make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Id.* (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)). West alleged that he and counsel were given the PSR immediately before the sentencing hearing and told to review it in the back of the courtroom while the court considered other matters. West also alleged that while he was attempting to point out several errors in the PSR prior to the sentencing hearing, counsel repeatedly told him to be quiet, and that counsel failed to object to all of the errors West noted in the PSR. The government does not refute these allegations. In addition, there is nothing in the record to indicate that West's counsel objected to not receiving the PSR more than ten days prior to the sentencing hearing. *See* Fed. R.Crim.P. 32(c)(3)(A). We conclude, therefore, that West's allegations were sufficient to create a question of fact as to whether counsel's representation fell below "an objective standard of reasonableness." *See Brown v. United States,* 656 F.2d 361, 363 (8th Cir.) (evidentiary hearing required if petitioner alleges facts which, if true, would entitle him to relief), *cert. denied,* 454 U.S. 1059, 102 S.Ct. 611, 70 L.Ed.2d 598 (1981). We also conclude that the record does not conclusively show that West is entitled to no relief.

Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.