27 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Ronald Lee GORDON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 93-3637.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1994.
Filed: June 29, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ronald Lee Gordon appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 A jury convicted Gordon of aiding and abetting another in knowingly and intentionally manufacturing phenylacetone (P2P). United States v. Gordon, 953 F.2d 1106, 1106-07 (8th Cir.), cert. denied, 113 S. Ct. 170 (1992). We affirmed his conviction and his 262-month sentence. Id. at 1107. Gordon then filed a section 2255 motion, alleging numerous trial and sentencing errors, claiming counsel was ineffective for failing to raise those errors on appeal, and asserting additional claims of ineffective assistance of trial counsel.
 
 
 3
 Having carefully reviewed the record, we conclude that Gordon is barred from raising his claims other than ineffective assistance in this section 2255 motion because he could have raised these issues on direct appeal and he has not shown cause and prejudice to excuse his procedural default. See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Gordon's assertion of ineffective assistance of appellate counsel as cause fails because, as the district court concluded, the underlying issues are meritless; thus, counsel's failure to raise the issues did not prejudice Gordon.
 
 
 4
 Likewise, we conclude that Gordon's independent claims of ineffective assistance of appellate counsel fail because, as the underlying issues are meritless, he cannot establish that the results of the proceeding were "rendered unreliable or fundamentally unfair." See West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). The additional asserted errors of trial counsel are also meritless or are based on broad conclusory allegations, and thus do not support Gordon's remaining ineffective-assistance claims. See id.; Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (ineffective-assistance claims must specify action attorney should have taken and why it would have made a difference).
 
 
 5
 Accordingly, the district court's order is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas