50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Anthony R. WEST, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2462.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 13, 1995.
Filed: Mar. 17, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony West appeals the District Court's[1] denial, after remand, of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Following this Court's affirmance of his conviction for distributing cocaine, United States v. West, 878 F.2d 1111 (8th Cir. 1989), West filed this section 2255 motion. He alleged that he was denied effective assistance of counsel at sentencing because he received his presentence report (PSR) just prior to the hearing and thus did not have an adequate opportunity to review it, his counsel told him to be quiet when he attempted to point out to her errors in the PSR, and she did not object to or present evidence rebutting all of the errors which he had noted in the PSR. On appeal from the District Court's denial of West's motion, this Court affirmed in part, reversed in part, and remanded for further consideration of his ineffective-assistance claim. West v. United States, 994 F.2d 510, 513 (8th Cir. 1993). We noted that "[i]f West's counsel failed 'to discover the substance of [the PSR], and to develop and present rebuttal material, ... it is possible that [West] received ineffective assistance of counsel.' " Id. (quoted case omitted).
 
 
 3
 On remand, the District Court appointed counsel to represent West and set the matter for a hearing. Prior to the hearing, West, acting pro se, filed another section 2255 motion. The District Court denied his subsequent motion to consolidate the two section 2255 motions and eventually dismissed the second motion without prejudice.
 
 
 4
 At the hearing, testimony was heard from West, the attorney who represented him at trial and sentencing, and a probation officer. West stated that he first saw his PSR on the day of sentencing and spent about ten minutes reviewing it with his attorney; that he became upset upon reading an allegation that he had threatened his family, and his attorney attempted to quiet him down; that he asked his attorney to object to allegations in the PSR that there was a firearm in his office during a drug transaction and that he operated a crack house; that he told his attorney that representations in the PSR of prior charges and convictions were inaccurate, and he asked her to object to them; and that his eligibility for prison employment and for parole was limited by his attorney's failure to object. West acknowledged that he had declined to personally address the Court at sentencing. It is undisputed that West's attorney objected at sentencing to the PSR allegation that he had threatened his family and the inclusion in the PSR of his juvenile record, and offered to present evidence to rebut the former allegation.
 
 
 5
 West's attorney testified that she had reviewed the PSR before sentencing; that she and West had spent from thirty to sixty minutes discussing the PSR immediately prior to sentencing, which she thought was a sufficient amount of time; that she would have asked for a continuance if necessary; and that she and West agreed she would object only to the threat allegation and his juvenile record. She testified she did not object to other aspects of the PSR because West did not dispute them or, in her opinion, he could not have truthfully and effectively rebutted them. Finally, she noted that if she and West been unable to agree on which portions of the PSR merited objection, she would have told him to personally express his concerns to the court.
 
 
 6
 The District Court denied the remanded section 2255 motion. On appeal, besides arguing that the District Court erred in finding his counsel was not ineffective, West maintains the District Court wrongfully refused to address the claim he had presented in his second section 2255 motion.
 
 
 7
 We review the denial of West's section 2255 ineffective- assistance of counsel claim as a mixed question of fact and law, reviewing factual findings for clear error and issues of law de novo. See Iron Wing v. United States, 34 F.3d 662, 664 (8th Cir. 1994). West must overcome the strong presumption that his counsel performed competently. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (per curiam).
 
 
 8
 Having reviewed the record, we agree with the District Court that West's counsel's representation did not fall below an objective standard of reasonableness. See Whitmore v. Lockhart, 8 F.3d 614, 616-17 (8th Cir. 1993) (ineffective-assistance standard). West did not testify that he had insufficient time to review his PSR; he explained that his counsel's attempt to quiet him down was in response to his emotional reaction to the PSR; and his attorney testified, and West acknowledged, that she was prepared to call West's wife to testify in response to the PSR allegation that he had threatened his spouse and family. Counsel explained her strategic reasons for not objecting to other information in the PSR. Cf. English v. United States, 998 F.2d 609, 613 (8th Cir.) ("reasonable trial strategy cannot rise to the level of ineffective assistance of counsel"), cert. denied, 114 S. Ct. 573 (1993).
 
 
 9
 We also conclude the District Court properly refused to consider any issues other than the question of counsel's performance at sentencing, given our explicit instructions on remand. See United States v. Prestemon, 953 F.2d 1089, 1090 (8th Cir. 1992) (district court's task on remand defined by mandate of appellate court). We need not address the issue raised in West's second section 2255 motion, because the District Court did not consider it and West has not appealed from the denial of his motion to consolidate the two section 2255 motions. See Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994) (absent plain error, court will not consider issues raised for first time on appeal as a basis for reversal); Fed. R. App. P. 3(c) (notice of appeal must designate order appealed from); Berdella v. Delo, 972 F.2d 204, 208 (8th Cir. 1992) (appeal of final order does not serve as sufficient notice of appeal for separate, distinct issues addressed in other orders). Finally, West's claim regarding his post-conviction counsel is not properly before us. See Dyer v. United States, 23 F.3d 1421, 1424 (8th Cir.) (court need not consider issues raised for first time on appeal in reply brief), cert. denied, 115 S. Ct. 136 (1994).
 
 
 10
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri