_____

No. 95-2733
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   Western District of Missouri.
Aaron Elliott Rimson,               *
                                    *   [UNPUBLISHED]
          Appellant.                *


_____

          Submitted:    December 29, 1995

             Filed:    January 4, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Aaron Elliott Rimson, an African-American, appeals the 135-
month sentence imposed by the district court[1] after he pleaded
guilty to distributing cocaine base (crack), in violation of 21
U.S.C. § 841(a)(1) and (b)(1)(B).  We affirm.


     In February 1995, the United States Sentencing Commission
published a report setting forth, inter alia, its conclusion that
the 100-to-1 ratio between the penalties for crack cocaine and
powder cocaine set forth in 21 U.S.C. § 841(b) and the Sentencing
Guidelines was not justified.  The Commission later forwarded to
Congress a proposed Guidelines amendment that would have eliminated
the distinction, and a recommendation that Congress similarly amend
section 841(b).  See 60 Fed. Reg. 25,074, 25,075-77 (1995).

_____

     [1]The Honorable Howard F. Sachs, United States District Judge
for the Western District of Missouri.

The district court denied Rimson's motion to continue his sentencing until after Congress had an opportunity to consider the proposed amendment. At sentencing, Rimson requested a downward departure, <u>see</u> U.S.S.G. § 5K2.0, based on the Commission's conclusion and the proposed amendment. The district court denied Rimson's request, concluding it was not authorized to depart.

We first conclude the district court did not abuse its discretion in denying Rimson a continuance. Rimson's contention that Congress would adopt the proposed amendment was speculative, and because Congress rejected the proposed amendment,[2] Rimson was not prejudiced by the denial of his motion. <u>See</u> <u>United States v. Ulrich</u>, 953 F.2d 1082, 1085 (8th Cir. 1991); <u>see also</u> <u>United States v. West</u>, 878 F.2d 1111, 1112 (8th Cir. 1989) (only unreasoning and arbitrary insistence upon expeditiousness in face of justifiable continuance request is grounds for reversal); <u>cf.</u> <u>United States v. Lamere</u>, 980 F.2d 506, 512 (8th Cir. 1992) (court could not have erred by failing to consider application note that was merely proposed but never adopted as part of Guidelines).

Second, we reject Rimson's argument that section 841(b) is ambiguous and irrational, and has a discriminatory impact on African-Americans. <u>See</u> <u>United States v. Jackson</u>, 67 F.3d 1359, 1367 (8th Cir. 1995). Rimson urges us to reconsider our decisions in <u>United States v. Clary</u>, 34 F.3d 709 (8th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1172 (1995), and <u>United States v. Buckner</u>, 894 F.2d 975 (8th Cir. 1990), but only the court en banc can overturn the decision of another panel of the court, <u>United States v. Polanco</u>, 53 F.3d 893, 896 (8th Cir. 1995), <u>pet. for cert. filed</u>, No. 95-5022 (U.S. June 29, 1995). We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the

---

[2]Federal Sentencing Guidelines, Amendment, Disapproval, Pub. L. No. 104-38, 1995 U.S.S.C.A.N. (109 Stat.) 334.

Equal Protection Clause, see, e.g., <u>United States v. Delaney</u>, 52 F.3d 182, 189 (8th Cir.), <u>cert. denied</u>, 116 S. Ct. 209 (1995); and we recently refused to reconsider <u>Clary</u>, <u>United States v. Thompson</u>, 51 F.3d 122, 127 (8th Cir. 1995).

Finally, Rimson's argument that no scientific difference exists between crack and cocaine powder, and that the penalty provisions set forth in section 841(b) are thus void for vagueness or rendered inapplicable by operation of the rule of lenity is foreclosed by our recent decision in <u>United States v. Jackson</u>, 64 F.3d 1213, 1219-20 (8th Cir. 1995).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.