73 F.3d 366
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Aaron Elliott RIMSON, Appellant.
 No. 95-2733.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 29, 1995.
Decided Jan. 4, 1996.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Aaron Elliott Rimson, an African-American, appeals the 135-month sentence imposed by the district court[1] after he pleaded guilty to distributing cocaine base (crack), in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(B). We affirm.
 
 
 2
 In February 1995, the United States Sentencing Commission published a report setting forth, inter alia, its conclusion that the 100-to-1 ratio between the penalties for crack cocaine and powder cocaine set forth in 21 U.S.C. Sec. 841(b) and the Sentencing Guidelines was not justified. The Commission later forwarded to Congress a proposed Guidelines amendment that would have eliminated the distinction, and a recommendation that Congress similarly amend section 841(b). See 60 Fed.Reg. 25,074, 25,075-77 (1995).
 
 
 3
 The district court denied Rimson's motion to continue his sentencing until after Congress had an opportunity to consider the proposed amendment. At sentencing, Rimson requested a downward departure, see U.S.S.G. Sec. 5K2.0, based on the Commission's conclusion and the proposed amendment. The district court denied Rimson's request, concluding it was not authorized to depart.
 
 
 4
 We first conclude the district court did not abuse its discretion in denying Rimson a continuance. Rimson's contention that Congress would adopt the proposed amendment was speculative, and because Congress rejected the proposed amendment,[2] Rimson was not prejudiced by the denial of his motion. See United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir.1991); see also United States v. West, 878 F.2d 1111, 1112 (8th Cir.1989) (only unreasoning and arbitrary insistence upon expeditiousness in face of justifiable continuance request is grounds for reversal); cf. United States v. Lamere, 980 F.2d 506, 512 (8th Cir.1992) (court could not have erred by failing to consider application note that was merely proposed but never adopted as part of Guidelines).
 
 
 5
 Second, we reject Rimson's argument that section 841(b) is ambiguous and irrational, and has a discriminatory impact on African-Americans. See United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir.1995). Rimson urges us to reconsider our decisions in United States v. Clary, 34 F.3d 709 (8th Cir.1994), cert. denied, 115 S.Ct. 1172 (1995), and United States v. Buckner, 894 F.2d 975 (8th Cir.1990), but only the court en banc can overturn the decision of another panel of the court, United States v. Polanco, 53 F.3d 893, 896 (8th Cir.1995), pet. for cert. filed, No. 95-5022 (U.S. June 29, 1995). We have consistently rejected the claim that any disparate impact occasioned by the distinction between the penalties for crack and powder cocaine violates the Equal Protection Clause, see, e.g., United States v. Delaney, 52 F.3d 182, 189 (8th Cir.), cert. denied, 116 S.Ct. 209 (1995); and we recently refused to reconsider Clary, United States v. Thompson, 51 F.3d 122, 127 (8th Cir.1995).
 
 
 6
 Finally, Rimson's argument that no scientific difference exists between crack and cocaine powder, and that the penalty provisions set forth in section 841(b) are thus void for vagueness or rendered inapplicable by operation of the rule of lenity is foreclosed by our recent decision in United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri
 
 
 [2]
 Federal Sentencing Guidelines, Amendment, Disapproval, Pub.L. No. 104-38, 1995 U.S.S.C.A.N. (109 Stat.) 334