———————
No. 95-1155
———————

United States of America,        *
                                  *
        Appellee,        *
                                  *  Appeal from the United States
   v.                      *  District Court for the
                                  *  Eastern District of Missouri.
Carlos Jones, also known as    *
Dion Tillman,              *         **[UNPUBLISHED]**
                                  *
        Appellant.       *

———————

Submitted: April 19, 1996

Filed: April 26, 1996

———————

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

After a jury found Carlos Jones guilty of carjacking and firearm charges, in violation of 18 U.S.C. §§ 2119 and 2 and 18 U.S.C. § 924(c)(1), the district court granted Jones's motion to dismiss the firearm count on double jeopardy grounds. The court also denied Jones's motion for a new trial. On appeal, we affirmed the denial of the new-trial motion, but reversed the dismissal of the firearm conviction and remanded "with instructions to reinstate [Jones's] conviction on that count and to sentence [Jones] thereunder." See United States v. Jones, 34 F.3d 596, 599-602 (8th Cir. 1994), cert. denied, 115 S. Ct. 1701 (1995). On remand, the district court resentenced Jones to a total of 97 months imprisonment and two years supervised release for the two convictions, and Jones appeals. Counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). We affirm.

On appeal, Jones raises two issues he presented at the resentencing hearing on remand, namely, that the evidence was insufficient to show that he aided and abetted in the carjacking, and that counsel was ineffective at trial for failing to obtain the full criminal record of one of the victims. Ineffective-assistance claims should be raised in a collateral proceeding under 28 U.S.C. § 2255, United States v. Thomas, 992 F.2d 201, 204 (8th Cir. 1993), and Jones's sufficiency-of-the-evidence challenge was beyond the scope of the matters before the district court pursuant to this court's remand order, see Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir. 1996); cf. United States v. Prestemon, 953 F.2d 1089, 1090 (8th Cir. 1992) (trial court could not consider new bases for downward departure where remand was limited to resentencing within applicable Guideline range). After conducting the necessary review of the record, in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude that no other non-frivolous issues exist.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.