**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Herman McGEE, Defendant–Appellant.**

**No. 99–1126.**

United States Court of Appeals, Eighth Circuit.

Submitted: Sept. 14, 1999.

Filed: Jan. 5, 2000.

Rehearing and Rehearing En Banc Denied Feb. 15, 2000.

Steven E. Holtshouser, Asst. U.S. Atty., St. Louis, MO, argued, for Plaintiff–Appellee.

Burton Shostak, Clayton, MO, argued, for Defendant–Appellant.

Before RICHARD S. ARNOLD, BRIGHT, and LOKEN, Circuit Judges.

PER CURIAM.

In 1991, Herman McGee was convicted of conspiracy to distribute cocaine and two counts of using firearms in connection with a drug-trafficking crime. He was sentenced to 240 months in prison for the drug conspiracy offense and to consecutive 60– and 240–month terms for the firearm offenses. We affirmed his conviction and sentence on direct appeal. *See United States v. Edwards,* 994 F.2d 417 (8th Cir.

1993). McGee then moved for post-conviction relief under 28 U.S.C. § 2255. The district court[1] vacated the firearm convictions on the authority of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), denied McGee's other § 2255 claims, and represented him to 240 months in prison for the drug conspiracy offense. McGee appeals, raising two re-sentencing issues. We affirm.

 First, McGee argues that the district court erred in refusing to reconsider the evidence supporting the drug quantity finding underlying his initial 240–month sentence for the drug conspiracy offense. However, McGee raised this drug-quantity issue on direct appeal, and we affirmed. *See Edwards,* 994 F.2d at 422–23. The issue may not be re-litigated under § 2255. *See English v. United States,* 998 F.2d 609, 612–13 (8th Cir.1993), *cert. denied,* 510 U.S. 1001, 114 S.Ct. 573, 126 L.Ed.2d 472 (1993). McGee argues his due process rights were violated by the absence of an adequate drug quantity finding, a contention not raised on direct appeal. As we said in *United States v. Ward,* 55 F.3d 412, 413 (8th Cir.1995), "even if [McGee's] present argument were the kind of fundamental error cognizable on collateral attack, instead of a garden-variety question of fact of the sort that will occur in almost every drug-offense sentencing, his procedural default would prevent us from reaching the argument."

 Second, McGee argues the district court erred in resentencing by refusing to grant him a downward departure. At the resentencing hearing, McGee and his attorney requested a departure on a number of grounds. To the extent the request was based upon McGee's post-sentencing rehabilitative conduct, it is barred as a matter of law by our subsequent decision in *United States v. Sims,* 174 F.3d 911 (8th Cir.1999). To the extent the request was based upon factors that could have been considered at the time of McGee's initial sentencing, the district court was aware of its authority to depart and declined to do so. Thus, even if the departure issue is not procedurally barred—an issue we need not address—the court's decision not to depart is unreviewable. *See, e.g., United States v.. Fairchild,* 189 F.3d 769, 780–81 (8th Cir.1999).

Following oral argument, McGee filed a pro se motion to add a supplemental issue on appeal—that he is entitled to a new trial on the drug conspiracy charge because trial of that charge was prejudiced by its misjoinder with the vacated firearms charges. That contention is untimely. It is also without merit.

The judgment of the district court is affirmed.

---

1. The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri.