# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2498

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Calvin Cornelius Edwards, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted:  May 9, 2000

Filed:  August 29, 2000

_____

Before BOWMAN, LOKEN, and BYE, Circuit Judges.

_____

LOKEN, Circuit Judge.

A jury convicted Calvin Edwards of various drug and money laundering offenses, and two counts of violating 18 U.S.C. § 924(c) for using a firearm in relation to a drug trafficking offense.  He received a sentence of 350 months for the drug and money-laundering offenses, and consecutive sentences of 60 months and 240 months for the two § 924(c) offenses, for a total sentence of 650 months.  Edwards appealed, and we affirmed.  See United States v. Mabry, 3 F.3d 244, 249-50 (8th Cir. 1993), cert. denied sub nom. Edwards v. United States, 511 U.S. 1020 (1994).  Following the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), Edwards

filed a petition for relief under 28 U.S.C. § 2255. The district court[1] vacated his § 924(c) convictions but on resentencing assessed a two-level increase in his total offense level for possession of a firearm, giving him a total offense level of 43. See U.S.S.G. § 2D1.1(b)(1). The district court denied Edwards a downward departure and sentenced him to life in prison, the mandatory sentence for a base offense level of 43. Edwards appeals that sentence, and we affirm.

Edwards argues that the district court erred in denying him a downward departure under U.S.S.G. § 5K2.0 because it is an anomalous situation, obviously not contemplated by the Guidelines, when the vacating of two § 924(c) convictions results in the imposition of a longer overall sentence. However, a sentencing court's refusal to depart from the Guidelines is unreviewable as long as the court was aware of its authority to depart. See, e.g., United States v. Orozco-Rodriguez, 2000 WL 992244, *2, __ F.3d __ (8th Cir. July 20, 2000). We have carefully reviewed the transcript of the resentencing hearing and conclude the court was aware of its authority to depart and decided that Edwards's case was not suitable for a downward departure.

Edwards further argues that his increased sentence at resentencing deprived him of due process because there is a "reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." Alabama v. Smith, 490 U.S. 794, 799 (1989), construing North Carolina v. Pearce, 395 U.S. 711, 726 (1969). We disagree. The resentencing court assessed a § 2D1.1 two-level enhancement, an assessment we have specifically upheld when a § 924(c) conviction is vacated and that conviction was part of a multi-count sentencing package. See Gardiner v. United States, 114 F.3d 734 (8th Cir.), cert. denied sub nom. Gutierrez-Silva v. United States, 522 U.S. 923 (1997). The enhancement resulted in a mandatory life sentence under the Guidelines, the same sentence Edwards would have

---

[1]The HONORABLE H. DEAN WHIPPLE, Chief Judge of the United States District Court for the Western District of Missouri.

initially received had he been acquitted of the two § 924(c) counts and received the same § 2D1.1 enhancement. "[T]here is no indication of vindictiveness in resentencing a defendant to exactly the sentence that the defendant would have received but for the erroneous application of § 924(c)." United States v. Townsend, 178 F.3d 558, 570 (D.C. Cir. 1999) (quotation omitted).

Finally, Edwards argues that the resentencing court erred in refusing to consider his post-sentencing conduct as a basis for either a downward departure, see U.S.S.G. § 5K2.0, or an adjustment for acceptance of responsibility, see U.S.S.G. § 3E1.1. We have previously rejected that contention. "Rehabilitation that takes place behind the prison walls after the original sentencing, however, is not relevant [at resentencing], since the sentencing court obviously could not have considered it at the time of the original sentencing." United States v. Sims, 174 F.3d 911, 913 (8th Cir. 1999); accord United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.