# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1471

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Dustin Lee Honken, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  January 6, 2001

Filed:  January 29, 2001

_____

Before McMILLIAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Dustin Lee Honken challenges the sentence imposed by the District Court[1] for the Northern District of Iowa following remand for resentencing in United States v. Honken, 184 F.3d 961 (8th Cir.) (Honken I), cert. denied, 528 U.S. 1056 (1999).  On remand, the district court sentenced Honken to 324 months imprisonment based upon his prior guilty plea to drug conspiracy and manufacturing charges.  Counsel has moved to withdraw on appeal pursuant to Anders v. California, 386 U.S. 738 (1967), arguing

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

the district court should have granted Honken a downward departure based on his post-offense rehabilitation and should have reduced his sentence based on "fairness." For the reasons discussed below, we affirm the judgment of the district court.

This appeal is governed by the scope of our remand order in Honken I: to resentence Honken without an acceptance-of-responsibility reduction. See Klein v. Arkoma Prod. Co., 73 F.3d 779, 784 (8th Cir.) (when case has been decided by this court on appeal and remanded to district court, every question which was before this court and disposed of by its decree is finally settled and determined; district court is bound by decree and must carry it into execution according to mandate), cert. denied, 519 U.S. 815, 816 (1996). We thus conclude Honken could not properly move for a downward departure at resentencing based on his post-offense rehabilitation. See United States v. Prestemon, 953 F.2d 1089, 1090 (8th Cir. 1992) (trial court could not consider new bases for downward departure on remand where remand was limited to resentencing within applicable Guidelines sentencing range). In any event, we note his post-sentencing rehabilitation (i.e., participation in a drug treatment program) is not an appropriate basis for a downward departure at resentencing. See United States v. Sims, 174 F.3d 911, 912-13 (8th Cir. 1999). If Honken attended drug treatment before his original sentencing, we find the district court's decision not to depart downward is unreviewable. See United States v. Edwards, 225 F.3d 991, 992 (8th Cir. 2000), cert. denied , 2001 WL 13014 (U.S. Jan. 8, 2001) (No. 00-7236).

As to counsel's "fairness" argument, we observe that Honken did not move for a downward departure on this ground. He simply asked for a sentence at the low end of his guidelines sentencing range, which the district court gave him.

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.