# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2351

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Jose Elias Luevano-Mayorga, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 29, 2002
Filed: December 5, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Jose Elias Luevano-Mayorga appeals the sentence imposed by the District Court[1] upon his guilty plea to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b) (1994 & Supp. II 1996), after committing the California felony crime of purchase of heroin for sale, for which he was sentenced to two years in prison. Pursuant to Anders v. California, 386 U.S. 738 (1967), Luevano-Mayorga's counsel has moved to withdraw and has filed a brief in which he argues

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

that the District Court abused its discretion in denying Luevano-Mayorga's motion for a downward departure based on cultural assimilation. In a pro se supplemental brief, Luevano-Mayorga challenges the propriety of the sixteen-level increase to his base offense level that he received at sentencing based on his pre-deportation felony drug conviction. He also argues his trial counsel was ineffective for failing to object to the increase. We affirm.

We find that the District Court's comments during sentencing adequately show that its decision not to grant a downward departure was a discretionary one; therefore, the decision is not reviewable. See United States v. Edwards, 225 F.3d 991, 992-93 (8th Cir. 2000), cert. denied, 531 U.S. 1100 (2001).

We also reject Luevano-Mayorga's argument that the District Court erred in increasing his base offense level by sixteen levels for his California felony drug conviction.[2] Because Luevano-Mayorga raises this argument for the first time on appeal, our review is only for plain error. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), cert. denied, 519 U.S. 938 (1996). Under U.S.S.G. § 2L1.2(b)(1)(A)(i), a sixteen-level increase is required when the defendant was previously deported after a "drug trafficking offense for which the sentence imposed exceeded 13 months." Under the Sentencing Guidelines, a "drug trafficking offense" is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1. Luevano-Mayorga argues that his pre-deportation offense was for simple possession of heroin. He has provided no documentary support, however, for this assertion. Further, the indictment to which he plead guilty to in this

_____

[2]The District Court sentenced Luevano-Mayorga under the November 1, 2001 edition of the United States Sentencing Guidelines (U.S.S.G.) manual.

case described the pre-deportation offense—without objection from Luevano-Mayorga—as a felony purchase of heroin for sale, and the presentence report (PSR) noted the facts underlying the offense: Luevano-Mayorga was caught with 10 bindles of heroin totaling, 4.25 grams, in Bakersfield, California. Luevano-Mayorga complains that the PSR did not include a copy of the California judgment, but he did not object to the PSR paragraph describing the offense. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (noting that a district court may accept as true all unobjected-to factual statements in PSR). Based on this record, we cannot say that the District Court plainly erred in imposing the sixteen-level increase.

Finally, Luevano-Mayorga's ineffective-assistance-of-counsel claim is not properly brought in this direct criminal appeal. See United States v. Clayton, 210 F.3d 841, 845 n.4 (8th Cir. 2000).

Having reviewed the record independently as required by Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the District Court and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.