# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1141

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Walter Gonzalez, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   November 19, 2003

Filed:   December 22, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

Walter Gonzalez pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, distribution of methamphetamine, and possession with intent to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), 846. At sentencing, Gonzalez argued he should not have been held accountable, for purposes of determining his base offense level, for certain drugs seized during a search of an apartment occupied by his codefendant, Marcos Salamanca. Gonzalez also requested a downward departure, arguing he had shown extraordinary acceptance of responsibility by pleading guilty to all counts of the six-count indictment, and by testifying at Salamanca's trial, exculpating Salamanca at the risk of harming his own

sentencing posture. In response, the government offered evidence Gonzalez had rented the apartment from which the drugs were seized, had paid rent to the landlord in cash, and had once directed Salamanca to retrieve drugs from the apartment's freezer and deliver them to Gonzalez at a restaurant. The government also argued Gonzalez deserved an upward departure for obstruction of justice for testifying falsely at Salamanca's trial, which ended in a hung jury and preceded Salamanca's guilty plea, rather than a downward departure for extraordinary acceptance of responsibility.

The district court[*] overruled Gonzalez's drug-quantity objection and attributed to him the drugs found in the residence along with uncontroverted quantities he distributed to an undercover detective; declined to depart from the Sentencing Guidelines imprisonment range upon finding a departure unwarranted by the facts of the case; and sentenced Gonzalez to 121 months in prison and four years of supervised release.

Gonzalez appeals his sentence, challenging the district court's drug-quantity finding. Gonzalez argues the evidence introduced at sentencing showed only that he had "loaned" Salamanca money by paying rent to the landlord. Gonzalez further argues his admitted conduct of instructing Salamanca to retrieve drugs from the apartment's freezer some six months before the residence was searched provided only an "ambiguous" connection to the drugs seized during the search. These arguments do not convince us the district court committed clear error, or leave us with a definite and firm conviction that a mistake has been made concerning the drug-quantity finding. See United States v. Nunez, 257 F.3d 758, 764 (8th Cir. 2001) (standard of review; affirming drug-quantity finding despite defendant's contention he had sublet house in which drugs were found). Gonzalez also challenges the district court's

---

[*]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

denial of his request for a downward departure, but this is an unreviewable exercise of discretion. See United States v. Elkins, 16 F.3d 952, 954 (8th Cir. 1994). We cannot review a sentencing court's refusal to depart from the guidelines absent an allegation that the district court either had an unconstitutional motive for refusing to depart or that it erroneously determined it lacked the authority to depart. United States v. McCarthy, 97 F.3d 1562, 1578 (8th Cir. 1996); United States v. Edwards, 225 F.3d 991, 992-93 (8th Cir. 2000). Accordingly, we affirm.

_____