# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1444

———————

United States of America,            *
                                     *
            Appellee,                *
                                     *     Appeal from the United States
      v.                             *     District Court for the
                                     *     Western District of Arkansas.
Jesus Trevino, also known as         *
Adalid Montiel-Figueroa,             *     [UNPUBLISHED]
                                     *
            Appellant.               *

———————

Submitted:  December 16, 2009
Filed:  December 21, 2009

———————

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

———————

PER CURIAM.

    Jesus Trevino, proceeding pro se, challenges the below-Guidelines-range sentence the district court[1] imposed after he pled guilty to reentering the United States in April 2008 after deportation, without authority to do so, in violation of 8 U.S.C. § 1326(a) and (b)(2).  On appeal, Trevino contends (1) that the court erred in using a September 1993 California conviction to increase his base offense level and to assess criminal history points because the conviction is unrelated to his current offense and

———————

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

is "too old;" and (2) that the court violated Fed. R. Crim. P. 32 and his due process rights at the sentencing hearing by failing to make proper findings on the disputed portions of the presentence report (PSR), and by accepting the probation officer's testimony which he claims was based on "materially false or unreliable information."

We find that the district court committed no error in sentencing Trevino. See United States v. Borer, 412 F.3d 987, 991-92 (8th Cir. 2005) (standard of review). First, there is no merit to Trevino's arguments regarding the California conviction. See U.S.S.G. §§ 2L1.2(b)(1)(A) (increase 16 levels if defendant was previously deported after conviction for felony that was drug trafficking offense for which sentence imposed exceeded 13 months); 4A1.1(a) (add 3 points for each prior sentence of imprisonment exceeding one year and one month); 4A1.2(e)(1) ("Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted"). Second, there is no merit to Trevino's arguments related to the sentencing hearing. See West v. United States, 994 F.2d 510, 512 (8th Cir. 1993) (court did not violate Rule 32 when it made specific findings of fact on record; defendant not denied due process so long as he "was afforded an adequate opportunity to challenge the information" through objections to PSR).

The judgment is affirmed.

_____