# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-1882

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Barbara Lynn Lewis, | * | |
| | * | (PUBLISHED) |
| Defendant-Appellant. | * | |

_____

Submitted: November 16, 1999

Filed: January 31, 2000

_____

Before WOLLMAN, Chief Judge, LAY and BOWMAN, Circuit Judges.

_____

PER CURIAM.

An indictment was filed against Barbara Lynn Lewis ("Lewis") on October 7, 1998, charging her with two counts of harboring an illegal alien and one count of conspiracy to do the same. Lewis entered a guilty plea on all three counts. The district court sentenced Lewis to 120 months, comprised of consecutive sentences of forty-six months, thirty-seven months, and thirty-seven months.[1] On appeal, Lewis argues that

_____

[1]The district court applied the 1995 U.S. Sentencing Guidelines Manual pursuant to the probation officer's recommendation that the more current version would create an ex post facto problem. Neither party challenges this application.

the sentencing court erred in four ways: first, by imposing consecutive rather than concurrent sentences; second, by refusing a three-point reduction for the crimes being "other than for profit"; third, by upwardly adjusting for restraint of victim; and fourth, by double-counting conduct when calculating the sentence. For the following reasons, we vacate the sentence and remand for resentencing.

Factual findings made at sentencing are reviewed for clear error. See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir.), cert. denied, 119 S. Ct. 604 (1998); United States v. Kime, 99 F.3d 870, 885 (8th Cir. 1996); United States v. KRCIC, 186 F.3d 178, 181 (2d Cir. 1999). In its detailed March 23, 1999, Sentencing Memorandum and Order, the district court made findings noting the egregious facts in this case and providing its interpretation of the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"), specifically its denial of a three-point "other than for profit" reduction pursuant to § 2L1.1(b)(1) and its imposition of an upward adjustment for restraint of victim under § 3A1.3. This court has carefully reviewed the record and the district court's findings and we find no clear error in either of these determinations.

Lewis' challenge to imposition of consecutive sentences, however, implicates the application of the Guidelines and we review such application de novo. See United States v. O'Kane, 155 F.3d 969, 971 (8th Cir. 1998). The Guidelines detail a methodology a court must follow when sentencing a defendant. See U.S.S.G. § 1B1.1 (1995). The first step in the process is to determine the applicable offense guideline for the convictions. Step two is to determine the base offense level for each count according to that applicable guideline. Step three is to apply adjustments to each base offense level and calculate adjusted base offense levels. After steps one through three have been applied to each count of conviction, a sentencing court turns to step four, § 3D, which governs the process for multiple count cases.

Critical to this appeal is U.S.S.G. § 3D which outlines a process for determining a single offense level to encompass multiple counts. Section 3D1.1(a) provides that "[w]hen a defendant is convicted of more than one count, the court shall: (1) Group the counts resulting in conviction into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in § 3D1.2." Id. at § 3D1.1(a)(1) (emphasis added). Section 3D1.2 states that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Id. at § 3D1.2 (emphasis added). Offenses involve "substantially the same harm" if they "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." Id. at § 3D1.2(b).

We find the three counts in this case involve "substantially the same harm" because all three involve the same victim, Robert Lee Warner ("Warner"), substantially the same time frame, 1994 through 1997, and the same conduct, the concealment and harboring of Warner in South Dakota. Consequently, pursuant to the Guidelines the three counts should have been grouped.

While the district court provided a detailed explanation of its findings and conclusions in its Sentencing Memorandum and Order, it did not address the issue of grouping. It is clear, however, that the district court did not group and instead treated each offense discretely. This failure to group the offenses was a fundamental error by the district court, consequently, Lewis' sentence in this case must be set aside and the case remanded for resentencing.

Due to this initial error and because Lewis' remaining claims relate to departures that occur post-grouping when properly calculating a sentence, we do not reach the remaining claims.

The government argues that Lewis will receive the same ten year sentence regardless of grouping and thus, the sentence should be affirmed. Despite the

possibility that the district court may impose the same sentence after recalculation, the Guidelines prescribe the proper process for sentencing and we must adhere to that process and follow the directives of both Congress and the Sentencing Commission.

Furthermore, there is the possibility that the sentence may change upon recalculation, in part, because a number of the challenges raised in this appeal may be resolved by that recalculation. For example, Lewis argues that the district court improperly used the same conduct to both upwardly adjust the sentence under § 3A1.2 and to depart under §§ 5K2.4 and 5K2.8. While we express no opinion regarding these challenges, any double-counting issue may not survive resentencing. Consequently, it would be inefficient for this court to determine what alternative sentences might result following proper grouping.

While it is unclear what specific effect the failure to group may have had on the sentence imposed in this case, it is clear that proper grouping could affect Lewis' sentence. Under the circumstances, we vacate the sentence and direct the district court to calculate the sentence anew, consistent with this decision and proper grouping under the Guidelines.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.