# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3310SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota |
| | * | |
| Rennie Albert Waugh, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000
Filed: April 4, 2000

_____

Before RICHARD S. ARNOLD and BEAM, Circuit Judges, and CONMY,[1] District Judge.

_____

CONMY, District Judge

The defendant appeals from the sentence imposed by the District Court[2] after pleas of guilty to one count of involuntary manslaughter and one count of assault with a dangerous weapon. 18 U.S.C. §§ 1153 & 1112; 18 U.S.C. §§ 1153 & 113. The

_____

[1]The Honorable Patrick A. Conmy, Senior United States District Judge for the District of North Dakota, sitting by designation.

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

sentencing judge departed upward on the sentence imposed on the assault charge, going from a criminal history category IV to a criminal history category VI, finding that the computation resulting in the IV substantially understated the defendant's prior criminal activity.

The defendant also complains of the Court's finding that the degree of injury to one of the victims, that of the assault victim, justified a three level enhancement rather than the two level enhancement set out in the Pre-Sentence Investigation Report (PSR), and that a further enhancement of two levels was appropriate for the degree of restraint imposed upon the assault victim. The major complaint however is that the Court did not group the two offenses but instead imposed consecutive sentences. The result of the Court's actions was the conversion of the computations in the PSR finding that the grouped adjusted offense level was 19 and the criminal history category a IV, producing a sentencing range of 46 to 57 months, into a total sentence of 122 months, consisting of 27 months on the manslaughter charge and 95 months on the assault charge. The upward departure in the criminal history category had the effect of increasing the sentencing range for the assault charge by 25 months. We affirm.

## I. Background

Around 8:30 p.m. on October 23, 1998 Mr. Waugh was driving east on Highway 18 on the Rosebud Indian Reservation near Parmalee, SD. Highway 18 is a two lane road and Mr. Waugh is Indian, creating Federal jurisdiction. Mr. Waugh had been drinking and later tests put his blood alcohol content between .18 and .24, well above the legal impairment limit. Mr. Waugh came up behind a vehicle driven by Sandra Moore, pulled onto the right shoulder of the road as he apparently reached for a can of beer which he had dropped, began passing the Moore vehicle on the shoulder, pulled back onto the highway, colliding with the Moore vehicle causing it to go into the ditch on the far side of the road, to overturn, and to eject Ms. Moore. Mr. Waugh stopped long enough to walk over to the point where Ms. Moore was lying in the ditch, and

then left. He did nothing to assist or to notify anyone of the accident or the possible need for medical help for Ms. Moore. He drove away. She was later found dead at the scene.

Mr. Waugh then drove to the residence he shared with Mary Moore, the sister of Sandra Moore. He waited for Mary Moore to return home and assaulted her by beating, hitting, choking and kicking her. He threatened her with a knife. The assault episode ended when law enforcement personnel investigating the discovered accident were led to the residence by various items of evidence. Upon hearing screams from Mary Moore the officers broke into the house and rescued her. She sustained injuries consisting of a cut lip, broken nose, numerous bruises, eyes swollen shut and tendon damage in her arms, fingers and wrists. She continues to suffer from headaches and dizzy spells.

Mr. Waugh was indicted on four counts and eventually pled guilty to involuntary manslaughter and assault with a dangerous weapon. 18 U.S.C. §§ 1153 & 1112; 18 U.S.C. §§ 1153 & 113. The plea agreement contained a waiver of right to appeal but reserved to the defendant the right to appeal sentencing departures. The plea agreement provides that the Government is free to recommend consecutive sentences to the Court.

The case requires an analysis of both enhancements and of departures, two very different concepts, as well as a visiting of the discretionary power of the Court to impose consecutive sentences where the guidelines do not require grouping. As an aside, the Court notes that pre-trial and probation staff are trained to group offenses as a general practice, resulting in relatively small increases in offense level. Frequently this is what the guidelines contemplate where multiple counts of conviction can arise from a single event. Where, however, the counts involve different times and different victims, the offenses do not require grouping and the imposition of consecutive sentences is not a "departure" although the sentence may, as here, vary widely from the

PSR computation. <u>See</u> U.S.S.G. § 3D1.2. This distinction is overlooked in the judgment and in the submissions of the parties.

Also blurred together are the Court's stated reasons for going to the top of the sentencing range on the assault charge with the actual departure on criminal history. The defendant's conduct may be so heinous that the Court feels compelled to remark upon it, but unless that conduct is relied upon to increase the offense level points, the Court's comments are directed to the exercise of discretion within the sentencing range, not to a justification of a departure. The departure here is in criminal history category, and is explained by the extensive tribal court record of the defendant which is not assigned any points in the computation of criminal history.

Frequently "departures" are treated generically, without the district court having selected any basis determined by reference to the offense level or the criminal history category. The test for the validity of these departures is as set out in <u>United States v. Decora</u>, 177 F.3d 676, 678 (8th Cir. 1999) where the discretion of the district court is weighed against the aggregate sum of the circumstances taking the case outside of the "heartland" of the Guidelines. Greater precision is realized when the sentencing court does, as here, make a specific adjustment to a Guideline measure.

## II. Enhancements

One additional level was assigned because of the Court's analysis of the severity of the injury to Mary Moore. A factual basis exists for the determination made by the Court. The two level enhancement for "restraint" was based upon the facts recited in the PSR, and the finding is supported by credible evidence. Waugh taunted the victim, encouraged her to try to escape, locked the doors to the residence and pinned her with her arms behind her back. The Court cites to U.S.S.G. § 5K2.0 as authority. This section relates to upward departures, not enhancements. However, adding two levels for restraint is permissible under U.S.S.G. § 3A1.3, as the use of restraint is not an

element of the assault offense itself. <u>See</u> U.S.S.G. § 3Al.3, commentary (n. 2); Eighth Circuit Criminal Instruction 6.18.111. The confusion between departure and enhancement and the use of the wrong citation appears harmless error.

## III. Departure

The District Court departed upward in the assigned criminal history category from a IV to a VI. The recitations in the PSR provide the factual basis for this determination that the computation understates the nature of the defendant's history and of his danger to society. The PSR cited the adequacy of criminal history category as a possible ground for upward departure. At sentencing the Court specifically found that the defendant's criminal history category was inadequate. (ST 90-92, 97) Tribal Court convictions are not assigned points in the computation of criminal history category. U.S.S.G. § 4A1.2(I). At times these convictions are based on uncounseled guilty pleas, entered for the purpose of leaving the jail, and should not be counted. Where, however, as here, the incidence of alcohol inspired assaultive behavior is frequent, the district court may properly consider the listing of these convictions in its decision to upward depart. <u>See</u> U.S.S.G. § 4A1.3.

## IV. Discretion

The Guidelines do not require grouping in all situations. Where, as here, the offenses involved different victims, were separated in time, and involved dissimilar conduct, grouping is not appropriate and the court retains the discretion to sentence either consecutively or concurrently. U.S.S.G. § 3d1.2. In <u>United States v. Rugh</u>, 968 F.2d 750,755 (8th Cir. 1992) this Court stated "The primary focus in determining whether counts involve substantially the same harm, and therefore should be grouped, is whether the counts involve the same victim and same act or transaction."

United States v. Fire Thunder, 908 F.2d 272 (8th Cir. 1990), involved both a pre-guidelines count of illegal sexual contact and a later guideline count of similar activity. The sentencing court departed upwards on the guidelines count and imposed a sentence consecutive to the non-guideline count sentence. The Court recites:

"Fire Thunder argues, relying on the Guidelines, that the district court abused its discretion by making the sentences consecutive. Assuming that the Guidelines cover this fact situation, we disagree. Fire Thunder's offenses do not involve the same victim and the same act. One of the offenses is not a lesser included charge of the other or similar thereto. Neither of the offenses is a sentencing characteristic of the other. Finally, the offense levels for these offenses are not determined largely on the basis of total harm or loss involved, like, for example, drug offenses." Id. at 274.

The sentence imposed is substantial. We find the enhancements and the departure supported by appropriate evidence and the consecutive sentences within the discretionary power of the District Court.

A true copy.

   ATTEST:

         CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.