# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3649

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Kyle Amsden, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 15, 2000

Filed:  May 24, 2000

_____

Before McMILLIAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
   Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

While Kyle Amsden was serving time in state prison on assault and burglary convictions, he wrote to the victim of those crimes, threatening her with bodily harm and threatening her minor daughter with sexual assault.  He later wrote to another woman, threatening her, her mother, her minor sister, and her minor daughter.  Based on these letters, Mr. Amsden pleaded guilty to two counts of mailing threatening communications in violation of 18 U.S.C. § 876 and was sentenced to 120 months' imprisonment.  Mr. Amsden appeals his sentence.

I.

Mr. Amsden's base offense level under the federal sentencing guidelines was 12, *see* U.S.S.G. § 2A6.1.[1]  The district court applied two two-level increases to the first count because Mr. Amsden obstructed justice, *see* U.S.S.G. § 3C1.1, and because the recipient of the first letter was a vulnerable victim, *see* U.S.S.G. § 3A1.1(b), which brought the offense level to 16.  The district court declined to give Mr. Amsden a two-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1.  The court then applied a two-level increase based on the additional count, *see* U.S.S.G. § 3D1.4.  Thus the adjusted combined offense level for Mr. Amsden was 18.  After finding that Mr. Amsden's criminal history score did not adequately reflect the likelihood that he would commit other crimes, the court departed upward by increasing Mr. Amsden's criminal history score from IV to V, *see* U.S.S.G. § 4A1.3 (policy statement), which had the effect of increasing the applicable guidelines range.  For offenses at level 18 with a criminal history score of V, the guidelines range is 51-63 months.  The court, however, departed from that range for extreme conduct, *see* U.S.S.G. § 5K2.8 (policy statement), and sentenced Mr. Amsden to 120 months (two consecutive sentences of five years), the maximum under the statute, *see* 18 U.S.C. § 876.

On appeal, Mr. Amsden challenges the increase for obstruction of justice and the upward departure for engaging in extreme conduct.  He also argues that the district court engaged in double counting because it relied on the same post-plea conduct both to deny him an acceptance-of-responsibility reduction and to support an increase in his criminal history score.

---

[1]Because of *ex post facto* concerns, the presentence report applied the guidelines in effect at the time of the crimes, and the parties did not object.  *See* U.S.S.G. 1B1.11(b)(1) and *United States v. Behler*, 14 F.3d 1264, 1271 (8th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).  Thus in this opinion all references to the guidelines are to the 1995 edition.

## II.

Mr. Amsden first challenges the obstruction-of-justice increase. When reviewing Mr. Amsden's sentence, we examine the court's factual findings for clear error and its application of the sentencing guidelines *de novo*. *See United States v. Hunt*, 171 F.3d 1192, 1195-96 (8th Cir. 1999).

Under the sentencing guidelines, a two-level increase in a defendant's offense level is appropriate if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the ... prosecution, or sentencing of the instant offense." *See* U.S.S.G. § 3C1.1. The guidelines give as an example of qualifying behavior "threatening, intimidating, or otherwise unlawfully influencing a ... witness, ... directly or indirectly, or attempting to do so." *See id.*, application note 3(a); *see also id.*, application note 3(i), and 18 U.S.C. § 1512(b)(1), § 1512(b)(2)(A). Here, the district court found that Mr. Amsden indirectly attempted to influence the recipient of the first letter not to testify at his sentencing hearing by sending her a post-plea letter in which he stated that upon his release he would sexually assault her minor daughter.

After a careful review of the record, we are left with the definite and firm conviction that the district court was mistaken in its determination that the letter was an attempt to obstruct justice. It seems to us that it is far more likely that the letters in question were actually a continuation of the illegal conduct for which Mr. Amsden was convicted. In reaching this conclusion, we found it important that the letter did not refer, directly or indirectly, to testimony or even to any court proceeding. It is relevant, too, that we have discovered nothing in the record to indicate that Mr. Amsden believed that the victim might testify at his sentencing hearing. We therefore disagree with the district court's conclusion that the government "just barely" met its burden of establishing a basis for an increase for obstruction of justice.

III.

Mr. Amsden also contends that the district court abused its discretion by departing upward 57 months from the guidelines range based on extreme conduct. *See* U.S.S.G. § 5K2.8 (policy statement). We note, however, that "departures tend to be related to the underlying sentencing range," *see United States v. Fire Thunder*, 908 F.2d 272, 274 n.1 (8th Cir. 1990), and by reversing the obstruction-of-justice increase here we have reduced the applicable guidelines range from 51-63 months to 41-51months. Since we cannot determine from the record the extent to which the district court's upward departure for extreme conduct may have been based on the guidelines sentencing range, we remand the case for resentencing. *Cf. Williams v. United States*, 503 U.S. 193, 202-03 (1992).

IV.

Because the issue may arise during resentencing, we address Mr. Amsden's argument, raised for the first time on appeal, that the district court engaged in double counting by relying on the same threatening post-plea letters both to refuse him an acceptance-of-responsibility reduction, *see* U.S.S.G. § 3E1.1, and to support an increase in his criminal history score from IV to V, *see* U.S.S.G. § 4A1.3 (policy statement). "Double counting occurs when 'one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by [the] application of another part of the Guidelines.' " *United States v. Hipenbecker*, 115 F.3d 581, 583 (8th Cir. 1997), quoting *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993), *cert. denied*, 510 U.S. 1094 (1994).

We do not believe that double counting occurred here, however, because the district court could have concluded that Mr. Amsden's letters, which included threats of sexual assault and murder, were not "fully accounted for" solely by denying him an acceptance-of-responsibility reduction but also supported an increase in his criminal history score. Because we find no double counting, we need not address whether the

sentencing commission, in fact, drafted the two pertinent guidelines provisions to serve distinct purposes so that double counting would have been permissible in any event. *See Hipenbecker*, 115 F.3d at 584.

V.

For the foregoing reasons, we remand this case to the district court for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.