# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2525

———————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　　　v.　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　District of South Dakota.
Barbara Lynn Lewis,　　　　　　　*
　　　　　　　　　　　　　　　　*　　　[TO BE PUBLISHED]
　　　　　　Appellant.　　　　　　*

———————

Submitted:　December 12, 2000

Filed:　December 15, 2000

———————

Before　LOKEN, HEANEY, and FAGG, Circuit Judges.

———————

PER CURIAM.

Barbara Lynn Lewis appeals her sentence for conspiring to harbor an illegal alien, in violation of 18 U.S.C. § 371 (2000) and 8 U.S.C. § 1324(a)(1)(A)(v)(I) (2000), and for harboring an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) (2000). Lewis was charged in October 1998 after Robert Lee Warner, an illegal alien, was found dead and buried in her backyard in Rowena, South Dakota; she pleaded guilty in December 1998. Testimony at Lewis's sentencing hearing established that prior to Warner's death, Lewis and members of her family had essentially held Warner captive, forcing him both to work as a servant in the Lewis household and to turn over

his wages from outside employment to Lewis. Further, Warner had been deprived of adequate nourishment and medical care, and subjected to physical and psychological humiliation and abuse.

On appeal from Lewis's original sentence of 120 months imprisonment, we remanded for resentencing. See United States v. Lewis, 200 F.3d 1177 (2000). On remand, the district court departed upward from Lewis's adjusted offense level of 15 to an offense level of 29 based on circumstances distinguishing Lewis's case from the typical case under the U.S. Sentencing Guidelines.

The district court explained its decision to depart upward in a substantial sentencing memorandum. First, the court determined that the two-level upward adjustment for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1995)[1] did not adequately address Lewis's obstructive conduct. The court cataloged Lewis's obstructive conduct–"the most pervasive this Court has seen" (Am. Sent. Mem. & Order at 11)–as follows. While in jail, Lewis communicated with her sons Steven and Tucker–a codefendant and a material witness, respectively, who were also in jail–by having another inmate mail Lewis's letters to a friend who would then remail them to Tucker and Steven. Lewis tried to convince Steven to give authorities the same untruthful story she had given. Lewis also made threats against fellow inmate Consuelo Trotter, who had met with a government attorney prior to sentencing and provided information about Lewis's statements concerning her treatment of Warner. Further, Lewis offered yet another fellow inmate $1,000 to testify that Tammy Robart, another fellow inmate who had spoken to the government, was lying.

---

[1]The probation officer who prepared the presentence report applied the 1995 Guidelines Manual pursuant to U.S. Sentencing Guidelines Manual § 1B1.11(b)(1) (1999).

Next, the court concluded that U.S. Sentencing Guidelines Manual § 2L1.1 (1995) ("Smuggling, Transporting, or Harboring an Unlawful Alien") did not adequately account for Lewis's aggravating conduct, and that an additional departure was warranted on account of extreme psychological injury, see U.S.S.G. § 5K2.3; unlawful restraint, see U.S.S.G. § 5K2.4; and extreme conduct, see U.S.S.G. § 5K2.8:

> The evidence supports findings that Robert Warner was repeatedly physically beaten, tormented, and sexually abused. He was degraded, humiliated, and psychologically controlled, manipulated, and restrained to the point where he could no longer think rationally about his own well-being. He was deprived of nourishment and medical care. Because of the abuse he suffered, he lost all hope and was too afraid to leave the environment in which he found himself. Instead, he remained with the Lewis family until his death. The Court finds that an upward departure of twelve levels for the defendant is warranted, based upon the evidence.

(Am. Sent. Mem. & Order at 18.)

Lewis appeals her sentence, arguing the extent of the district court's departure was unwarranted. We review a district court's departure decisions under a unitary abuse-of-discretion standard. See United States v. Sample, 213 F.3d 1029, 1032 (8th Cir. 2000). A district court may depart based on a factor encouraged as a basis for departure by the Sentencing Commission, provided that the applicable Guideline does not already take the factor into account. See id. We defer to the district court (1) on the issue of whether a given factor is present to a degree not adequately considered by the Sentencing Commission; (2) on the question of whether the circumstances of a case warrant departure, provided the record contains sufficient evidence to support such a departure; and (3) on the reasonableness of the extent of the district court's departure. See id. Further, "the court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (e.g., as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual

circumstances, the weight attached to that factor under the guidelines is inadequate or excessive." U.S.S.G. § 5K2.0, p.s. (1995).

In light of the district court's factual findings, which the defendant does not challenge as clearly erroneous, it is apparent that it was not an abuse of the district court's discretion to depart upward based upon Lewis's exceptional efforts at obstruction of justice. We also conclude the district court did not err in its determination that this case fell outside the heartland of immigration offenses covered under § 2L1.1, and that extreme psychological injury, unlawful restraint, and extreme conduct could thus form the bases for an additional upward departure. The 1995 Guidelines Manual makes plain that these factors were not taken into account in the Sentencing Commission's formulation of § 2L1.1: "If the offense involved dangerous or inhumane treatment, death or bodily injury, . . . an upward departure may be warranted." U.S.S.G. § 2L1.1, comment. (n.5) (1995).[2] Moreover, there is ample evidence in the record to support the imposition of a departure on these grounds.

As for the reasonableness of the extent of the court's departure, a 14-level upward departure is, without question, exceptional. The result of the departure was an increase in Lewis's sentencing range from 18-24 months to 87-108 months. Lewis's 96-month prison term is thus four times the maximum term of imprisonment authorized in the absence of a departure. Nevertheless, "the district court's decision on this matter is quintessentially a judgment call and we respect the district court's superior 'feel' for the case." United States v. Johnson, 56 F.3d 947, 958 (8th Cir. 1995) (internal quotation omitted). With this in mind, we are unable to say the extent of the departure here is unreasonable. A careful examination of the district court's factual findings convinces us that the district court's extraordinary departure was not an abuse of its discretion in this extraordinary case.

---

[2]Section 2L1.1 was amended in 1997 to encompass a much wider array of immigration offenses. See U.S.S.G. § 2L1.1 (2000); U.S.S.G. App. C, Amend. 543.

-4-

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.