HEANEY, Circuit Judge,
concurring.
I concur in all aspects of the majority opinion, and Section III insofar as it relates to the sentencing of Bradford and Boswell. I write separately to express that I only concur with respect to the sentencing of Harrison, Andrews, and Banks in Section III because our precedent requires me to do so.
My view is that Sturgis was incorrectly decided. I believe that Apprendi made it quite clear that the stacking argument should not be available, at least in those cases where the district court did not impose consecutive sentences originally. In Apprendi, the State argued that although a twelve-year sentence had been imposed for an offense that carried a maximum sentence of ten years, the twelve-year sentence was permissible because the judge could have imposed consecutive sentences for two other counts. The Supreme Court, however, stated that the additional counts were not relevant and could not ameliorate the constitutional problem. See Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2354, 147 L.Ed.2d 435 (2000).
I realize that the sentencing guidelines, particularly § 5G1.2(d), permit the use of consecutive sentences in order to achieve what it calls “the total punishment.” As I read Apprendi however, a court of appeals on review cannot justify the sentence retroactively by stating that the district court should have stacked the sentences originally. The problem is that the district court reached the original sentence based on a determination of the quantity of drugs involved when no quantity was charged in the indictment. This is contrary to the spirit of Apprendi and contrary to the very specific views of some of the Supreme Court Justices.
Consecutive sentences in drug cases are extremely rare. Moreover, U.S.S.G. § 5G1.2(d) was used only once in 2000. We had 187 authored opinions with sentencing issues in the Eighth Circuit in 2000. Of these authored opinions, only seven cases dealt with consecutive sentences. Only one, United States v. Ervasti, 201 F.3d 1029 (8th Cir.2000), a tax evasion case, involved the application of U.S.S.G. § 5G1.2(d). There, the district court exercised its discretion to impose a consecutive sentence initially. Three of the other cases involved consecutive sentences for carrying a weapon in conjunction with a drug offense. See United States v. Bailey, 235 F.3d 1069 (8th Cir.2000); United States v. Edwards, 225 F.3d 991 (8th Cir.2000); and United States v. Goldman, 228 F.3d 942 (8th Cir.2000). The remaining three cases all involved non-drug offenses where the district courts originally used their discretion to impose consecutive sentences. See United States v. Amsden, 213 F.3d 1014, 1016 (8th Cir.2000) (remanding for resentencing in mail threats case where district court had imposed consecutive sentences for extreme *1120 conduct under U.S.S.G. § 5K2.8); United States v. Waugh, 207 F.3d 1098, 1102 (8th Cir.2000) (holding in assault and involuntary manslaughter case that district court has discretion to impose concurrent or consecutive sentences based on finding of whether multiple counts involved the same harm); United States v. Lewis, 200 F.3d 1177 (8th Cir.2000) (holding that district court should have grouped counts of harboring illegal alien as involving substantially the same harm).
In my view, when the district court has imposed a sentence that exceeds the statutory maximum because no drug quantities were stated in the indictment, this court should not affirm the sentence on the theory that the district court could have given consecutive sentences. This practice will encourage some prosecutors to continue their current practice of refusing to charge a defendant with the quantity of drugs they seek to hold a defendant responsible for, particularly when the prosecutor is seeking a sentence in excess of the twenty-year maximum provided by § 841(b)(1)(C). Other prosecutors, including some in our circuit, have had a practice of charging drug amounts in the indictments, and there is no good reason why we should not expect all prosecutors to do the same.
There is one additional reason for my view and that is that the statistics indicate that 95% of defendants plead guilty. There is absolutely no reason why defendants who agree to plead guilty should not know at the time they plead what the government’s intentions are with respect to the amount of drugs. The probation officer who prepares the presentence report receives all the information he or she has from the records of the prosecutor and law enforcement officials, whether it be a police department, the FBI, or the DEA.
For the foregoing reasons, I respectfully concur.