# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2748NE

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * On Appeal from the United |
| | * States District Court |
| v. | * for the District of |
| | * Nebraska. |
| Felix Alvarez, | * |
| | * |
| Appellant. | * |

_____

Submitted: April 19, 2001

Filed: June 21, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit Judges, and BOGUE,[1] District Judge.

_____

RICHARD S. ARNOLD, Circuit Judge.

Felix Alvarez appeals from his convictions and sentences for two drug offenses. He argues that the evidence was insufficient to support the jury verdict on one count, that the District Court erred in applying sentencing enhancements for being a career offender and for use of a weapon in connection with the charged crimes, and that his

_____

[1]The Hon. Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

sentence on one of the counts violated <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000). We affirm the convictions, but remand for resentencing.

I.

Mr. Alvarez was charged with conspiracy to distribute "detectable amount[s]" of cocaine, methamphetamine and marijuana between February 1999, and January 2000, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I); and possession with intent to distribute a "detectable amount" of methamphetamine on or about October 19, 1999, in violation of 21 U.S.C. §841(a)(1) (Count II).

The following evidence was presented at trial. On October 19, 1999, Mr. Alvarez was pulled over and arrested for traffic offenses. A search revealed a pen knife and a small baggie with 2.4 grams of methamphetamine on his person, and a large industrial knife in his car. A syringe was seized from the police car in which Mr. Alvarez was transported after his arrest. Some six weeks beforehand, Mr. Alvarez had been arrested for a traffic violation, and a search of his car had revealed $1,450 in cash, two packages of syringes each containing 200 syringes, a small electronic scale, and some stolen items in the trunk. Four drug dealers and users testified for the government that they had purchased various quantities of drugs from Mr. Alvarez and had helped him distribute drugs. One testified that he had provided Mr. Alvarez with three guns in payment of his drug debt.

The jury found Mr. Alvarez guilty of both charges. The Presentence Report (PSR) noted that Mr. Alvarez's criminal history made him a career offender under United States Sentencing Guideline § 4B1.1, thereby giving him a criminal history category of VI. To compute his offense level, the two counts were grouped pursuant to U.S.S.G. § 3D1.2(d). Pursuant to U.S.S.G. § 2D1.1, Application note 6, the PSR converted the amounts of the multiple drugs for which Mr. Alvarez was deemed responsible to 6,934.76 kilograms of marijuana, for a base offense level of 34. See

U.S.S.G. § 2D1.1(c)(3) (drug quantity table). Two levels were added for possession of a dangerous weapon (the three guns testified to at trial), and two levels were added for obstruction of justice on the basis of a letter Mr. Alvarez sent to his wife threatening one of the government's witnesses. Because the maximum offense level for a career offender (37) was lower than Mr. Alvarez's total adjusted offense level (38), the career-offender provision was disregarded. This calculation would have resulted in a sentencing range of 360 months (30 years) to life imprisonment.

At sentencing, the District Court found that Mr. Alvarez was responsible for the equivalent of only 2,251.4 kilograms of marijuana, for a base offense level of 32. See U.S.S.G. § 2D1.1(c)(4). The Court sustained Mr. Alvarez's objection to the enhancement for obstruction of justice, but determined that two levels should be added for possession of the guns, as well as of the large knife found at the time of arrest. The Court then mistakenly stated that the total adjusted offense level was 36; in fact, it was 34. The Court went on to find that Mr. Alvarez was a career offender, and assigned him an offense level of 37, the offense level for a career offender when the statutory maximum is life. See U.S.S.G. § 4B1.1. This resulted in a sentencing range of 360 months to life. The Court sentenced Mr. Alvarez to 30 years (360 months) on the conspiracy count, and 20 years (240 months) on the possession-with-intent-to-distribute count, to run concurrently. See U.S.S.G. § 5G1.2 (sentencing on multiple counts of conviction).

II.

Mr. Alvarez first argues on appeal that there was insufficient evidence to support the intent-to-distribute element of Count II. The government concedes that possession of 2.4 grams of methamphetamine, standing alone, is insufficient to support a finding of intent to distribute, but argues that such intent could be found from the other evidence presented to the jury. We agree. This court will reverse a conviction for insufficient evidence only when we conclude, viewing the evidence in the light most

favorable to the government, that no reasonable juror could find guilt beyond a reasonable doubt. United States v. Moore, 212 F.3d 441, 444 (8th Cir. 2000). Although Mr. Alvarez was arrested in possession of only a small amount of methamphetamine, the jury could reasonably infer that his intent to distribute was sufficiently established by other evidence, including evidence of many instances of distribution of illegal drugs on other occasions. See id. at 444-45; United States v. Barnes, 140 F.3d 737, 739 (8th Cir. 1998) (per curiam). We also reject Mr. Alvarez's argument that there was insufficient evidence to support the enhancement for possession of a dangerous weapon.

## III.

Apprendi held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and found beyond a reasonable doubt. Such a fact must also be alleged in the indictment. United States v. Butler, 238 F.3d 1001, 1004-05 (8th Cir. 2001). The statutory maximum penalty applicable to Mr. Alvarez's conspiracy conviction is contained in 21 U.S.C. § 841(b). Section 841(b)(1)(A)(vii) provides that if the case involves 1000 kilograms or more of marijuana, the term of imprisonment may be as much as life in prison. Section 841(b)(1)(C) provides that if the case involves marijuana, without reference to drug quantity, the term of imprisonment shall not be more than 20 years.[2] Thus Mr. Alvarez's 30-year sentence on Count I exceeded the statutory maximum penalty authorized in cases where no quantity has been found by the jury, in violation of Apprendi.

---

[2]These penalties are increased if death or serious bodily injury resulted from use of the drugs, or if the defendant had a prior felony drug conviction. Neither of these circumstances is applicable to this case.

At oral argument, the government forthrightly acknowledged that under <u>United States v. Bradford</u>, No. 99-3018, slip op. at 9-10 (8th Cir. April 13, 2001) (per curiam), 2001 WL 363912, *3-4, the <u>Apprendi</u> error in this case warrants remand for resentencing. As we noted above, the District Court calculated Mr. Alvarez's offense level as a career offender on the basis of a statutory maximum of life. However, in light of <u>Apprendi</u>, the correct statutory maximum was 20 years. Under U.S.S.G. § 4B1.1, this maximum yields an offense level of 32 for a career offender, which is lower than the otherwise applicable offense level of 34 and is, therefore, disregarded. Thus, Mr. Alvarez's argument challenging use of the career-offender provision is moot.

The range for an offense level of 34 and a criminal history category of VI is 262 to 327 months. Thus, upon resentencing Mr. Alvarez to 20 years on Count I, the District Court should determine whether to run Mr. Alvarez's two sentences consecutively to the extent necessary to produce a combined sentence within the 262-to-327-month range, pursuant to U.S.S.G. § 5G1.2(d). See <u>Bradford</u>, slip op. at 9-10, 2001 WL 363912, *3-4. In doing so, the District Court should follow usual Guidelines procedures for departures. See <u>United States v. Gullickson</u>, 981 F.2d 344, 349 (8th Cir. 1992); see also 18 U.S.C. § 3584(a) (requiring a specific and express order when sentences imposed at the same time are to run consecutively).

IV.

Accordingly we affirm the convictions, and remand the case to the District Court for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.