# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2781

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | [PUBLISHED] |
| Darrell B. Caldwell, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 5, 2001

Filed: July 6, 2001

_____

Before WOLLMAN, Chief Judge, HEANEY, and BRIGHT, Circuit Judges.

_____

PER CURIAM.

On remand from the Supreme Court, Darrell Caldwell challenges the district court's resentencing following our decision in United States v. Caldwell, 88 F.3d 522, 524-27 (8th Cir.), cert. denied, 519 U.S. 1048 (1996), appeal after remand, 211 F.3d 1344 (8th Cir.) (table), vacated and cert. granted, 121 S.Ct. 651 (2000). We affirm.

In 1995, a jury convicted Caldwell of conspiracy to manufacture and distribute marijuana and manufacturing and possessing marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, we concluded that the district

court's sentencing determination of relevant drug quantities was erroneous, and we remanded the case with instructions for resentencing. Caldwell, 88 F.3d at 57.

Consistent with our instructions, on resentencing the district court held Caldwell responsible for 756.55 kilograms of marijuana and resentenced Caldwell to three concurrent 160-month terms of imprisonment. We affirmed, and the Supreme Court granted certiorari and vacated our judgment, remanding the case for reconsideration in light of its intervening decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). On remand, we conclude that Apprendi does not require vacation of Caldwell's sentence, and we once again affirm the district court's decision on resentencing.

Under Apprendi, a criminal defendant has a due process right to have a jury make any finding of fact that increases the statutory maximum sentence available for his offense. 120 S. Ct. 2362-63. The use of a judicially determined drug quantity as a basis for sentencing is permissible, however, so long as the defendant's sentence does not exceed the statutory maximum sentence available for an indeterminate amount of the drug. United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir.), cert. denied, 121 S. Ct. 600 (2000).

We review the district court's resentencing for plain error, because no Apprendi issue was raised before the district court. United States v. Poulack, 236 F.3d 932, 937-38 (8th Cir. 2001). Thus, Caldwell is entitled to resentencing under Apprendi only if he can show that the district court made a sentencing error that was erroneous, plain, and seriously affected the fairness, integrity, or public reputation of the sentencing proceeding. Poulack, 236 F.3d at 937.

The statutory maximum sentence for an indeterminate amount of marijuana is 60 months. 21 U.S.C. § 841(b)(1)(D). Because Caldwell's 160-month sentences exceed that maximum and were based on drug quantities not submitted to a jury, they were erroneous in light of Apprendi. See, e.g., United States v. Sturgis, 238 F.3d 956, 960

(8th Cir. 2001).  When a defendant is convicted of multiple counts, however, a sentence assessed in violation of Apprendi does not necessarily constitute plain error because "[t]he [Federal Sentencing] Guidelines require a district court to run sentences from multiple counts consecutively, rather than concurrently, if the Guideline sentence exceeds the statutory maximum sentence for each count."  Sturgis, 238 F.3d at 960; see U.S.S.G. § 5G1.2(d).  We are not unmindful of the concerns resulting from affirming sentences that would otherwise be Apprendi-barred on the assumption that consecutive sentences would have been imposed in their stead.  See  United States v. Alvarez, No. 00-2748NE, 2001 WL 694527 at *2 (8th Cir. June 21, 2001); United States v. Bradford, 246 F.3d 1107, 1115 (8th Cir. 2001).  We are bound, however, by our holding in Sturgis that, where a defendant's sentence could be reformed under § 5G1.2(d) to avoid an Apprendi error, there is no plain error in his sentence.  See Sturgis, 238 F.3d at 961.

In this case, applying § 5G1.2(d), the district court could have determined that Caldwell's 60-month sentences for each count should run consecutively, thus incarcerating him for 180 months, 20 months longer than he will be incarcerated under his current sentence.  See Sturgis, 238 F.3d at 960-61.  Therefore, because Caldwell could have received a lengthier sentence under the guidelines even if he had been sentenced under the statutory minimums for an indeterminate drug quantity, his concurrent 160-month sentences do not amount to plain error.

Accordingly, the judgment is affirmed.

HEANEY, Circuit Judge, concurring.

I concur in the results of the majority opinion.  I write separately to express that I only concur because our decisions in Sturgis and Bradford require me to.

In my view, Sturgis and Bradford were incorrectly decided. I believe that Apprendi made it quite clear that the stacking argument should not be available, at least in those cases where the district court did not impose consecutive sentences originally. In Apprendi, the State argued that although a twelve-year sentence had been imposed for an offense that carried a maximum sentence of ten years, the twelve-year sentence was permissible because the judge could have imposed consecutive sentences for two other counts. The Supreme Court, however, stated that the additional counts were not relevant and could not ameliorate the constitutional problem. See Apprendi v. New Jersey, 120 S. Ct. 2348, 2354 (2000).

I realize that the sentencing guidelines, particularly § 5G1.2(d), permit the use of consecutive sentences in order to achieve what it calls "the total punishment." As I read Apprendi, however, a court of appeals on review cannot justify the sentence retroactively by stating that the district court should have stacked the sentences originally. The problem is that the district court reached the original sentence based on a determination of the quantity of drugs involved when no quantity was charged in the indictment. This is contrary to the spirit of Apprendi and contrary to the very specific views of some of the Supreme Court Justices.

Consecutive sentences in drug cases are extremely rare. Moreover, U.S.S.G. § 5G1.2(d) was used only once in 2000. We had 187 authored opinions with sentencing issues in the Eighth Circuit in 2000. Of these authored opinions, only seven cases dealt with consecutive sentences. Only one, United States v. Ervasti, 201 F.3d 1029 (8th Cir. 2000), a tax evasion case, involved the application of U.S.S.G. § 5G1.2(d). There, the district court exercised its discretion to impose a consecutive sentence initially. Three of the other cases involved consecutive sentences for carrying a weapon in conjunction with a drug offense. See United States v. Bailey, 235 F.3d 1069 (8th Cir. 2000); United States v. Edwards, 225 F.3d 991 (8th Cir. 2000); and United States v. Goldman, 228 F.3d 942 (8th Cir. 2000). The remaining three cases all involved nondrug offenses where the district courts originally used their discretion to impose

consecutive sentences.  See United States v. Amsden, 213 F.3d 1014, 1016 (8th Cir. 2000) (remanding for resentencing in mail threats case where district court had imposed consecutive sentences for extreme conduct under U.S.S.G. § 5K2.8; United States v. Waugh, 207 F.3d 1098, 1102 (8th Cir. 2000) (holding in assault and involuntary manslaughter case that district court has discretion to impose concurrent or consecutive sentences based on finding of whether multiple counts involved the same harm); United States v. Lewis, 200 F.3d 1177 (8th Cir. 2000) (holding that district court should have grouped counts of harboring illegal alien as involving substantially the same harm).

In my view, when the district court has imposed a sentence that exceeds the statutory maximum because no drug quantities were stated in the indictment, this court should not affirm the sentence on the theory that the district court could have given consecutive sentences.  This practice will encourage some prosecutors to continue their current practice of refusing to charge a defendant with the quantity of drugs they seek to hold a defendant responsible for, particularly when the prosecutor is seeking a sentence in excess of the twenty-year maximum provided by § 841(b)(1)(C).  Other prosecutors, including some in our circuit, have had a practice of charging drug amounts in the indictments, and there is no good reason why we should not expect all prosecutors to do the same.

There is one additional reason for my view and that is that the statistics indicate that 95% of defendants plead guilty.   There is absolutely no reason why defendants who agree to plead guilty should not know at the time they plead what the government's intentions are with respect to the amount of drugs. The probation officer who prepares the presentence report receives all the information he or she has from the records of the prosecutor and law enforcement officials, whether it be a police department, the FBI, or the DEA.

For the foregoing reasons, I respectfully concur.

BRIGHT, Circuit Judge, concurring.

I concur in the per curiam opinion in this case. I write separately to state my view that <u>Sturgis</u> was wrongly decided and should be overruled. However, at this time we are bound by the <u>Sturgis</u> precedent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.