# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1798

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Harry Lee Barber, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: November 26, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, Circuit Judges, and KYLE,[*] District Judge.

_____

BRIGHT, Circuit Judge.

Harry Lee Barber pled guilty to six counts of an indictment stemming from his manufacture of five pipe bombs, which he placed around the city of Des Moines, Iowa, in an attempt to create the appearance of a mad bomber. After an evidentiary hearing, the district judge accepted Barber's guilty plea and imposed a term of imprisonment of ninety-six months to be followed by a three-year term of supervised

_____

[*]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

release.  Barber appeals his conviction based upon the district court's lack of jurisdiction.  Barber also appeals his sentence claiming the district court erred in applying the grouping rules under the United States Sentencing Guidelines and in applying enhancements for more than minimal planning and the use of a bomb in the commission of another felony offense.  We reject Barber's arguments that the district court lacked jurisdiction[1] and erred in enhancing his sentence,[2] but we remand for resentencing for the following reasons.

The district court's application of the United States Sentencing Guidelines is reviewed *de novo*, United States v. Lewis, 200 F.3d 1177 (8th Cir. 2000).

At sentencing, the district court found that there were five groups based on the six counts to which Barber pled guilty.[3]  The court used § 3D1.2 of the United States

---

[1]We find no merit in Barber's argument that 18 U.S.C. § 844(d) is an unlawful extension of Congress' Commerce Clause power.  This court has consistently rejected this type of challenge to a similar statute, 18 U.S.C. § 922(g).  See, e.g., United States v. Holman, 197 F.3d 920 (8th Cir. 1999); see also United States v. Flaherty, 76 F.3d 967, 974 (8th Cir. 1996).

[2]The district court properly considered the relevant conduct of Barber's crimes in choosing applicable offense guidelines.  See Sentencing Guideline § 1B1.2(a) (instructing that in the case of a plea agreement, the sentencing court is to determine the appropriate offense guideline section from Chapter Two that is applicable to the stipulated offense).  Furthermore, there was substantial evidence to support the district court's enhancement for more than minimal planning under § 2A2.2(b)(2) and for a bomb used during the commission of a felony under § 2K2.1(b)(5).

[3] The counts are:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:844(d) | Transporting an explosive device with . . . intent . . . | 11/02/99 | One |
| 26:5861(f) | Manufacture . . . destructive device | 11/02/99 | Two |

Guidelines to group Counts One and Two because they related to the same pipe bomb and incident. Each group had an offense level of 26.

Turning to § 3D1.4 in order to determine Barber's combined offense level, the district court increased Barber's offense level by five levels. We determine that this increase was erroneous because under § 3D1.4(a) the number of units was five or less, keeping in mind that Counts One and Two are combined into a single group. Therefore, the combined offense level should have been increased by only four levels.

Barber's sentence range based on a final offense level of 28 was 78-97 months. He was sentenced to ninety-six months concurrently. He should have been sentenced based on a final offense level of 27, which has a range of 70-87 months.

For the foregoing reasons, we remand to the district court for resentencing consistent with this opinion.

---

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26:5861(f) | Manufacture . . . destructive device | 11/16/99 | Five |
| 26:5861(f) | Manufacture . . . destructive device | 11/30/99 | Eight |
| 26:5861(f) | Manufacture . . . destructive device [Volaire] | 12/03/99 | Eleven |
| 26:5861(f) | Manufacture . . . destructive device [Steel Pipe] | 12/03/99 | Fourteen |

Appellant's Add. at 29. While Barber claims that all the manufacturing counts should be grouped together for sentencing purposes, the district court rejected that analysis because the bombs were individually constructed, placed around the city, and directed at different targets. We conclude that the district court did not err in this decision.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.