# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1543

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Mark A. Burgess, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 11, 2005
Filed: January 24, 2005

_____

Before WOLLMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

Police stopped Mark A. Burgess three separate times after he bought large quantities of cold pills containing pseudoephedrine. A jury convicted Burgess on three counts of possession of pseudoephedrine knowing or having reasonable cause to believe it would be used to manufacture methamphetamine. The district court[*] sentenced Burgess to 188 months in prison.

_____

[*]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

On appeal, Burgess challenges the sufficiency of the evidence. Viewing the record in the light most favorable to the verdict with respect to each count, we conclude there is ample evidence to support a finding that Burgess possessed pseudoephedrine, knew he possessed pseudoephedrine, and knew or had reasonable cause to believe the pseudoephedrine would be used to make methamphetamine. For Count I, officers found several boxes of pseudoephedrine in Burgess's car and smelled anhydrous ammonia, a farm fertilizer that is a precursor chemical in manufacturing methamphetamine, by the mobile home where Burgess's car was parked. Additionally, a rational jury could infer Burgess knew the several boxes of pseudoephedrine pills he possessed would be used to make methamphetamine from the evidence forming the basis of Counts II and III. Cf. United States v. Alvarez, 254 F.3d 725, 727 (8th Cir. 2001) (although defendant only possessed a small amount of methamphetamine, intent to distribute could be inferred from other instances of distribution). On Count II, police found the pills with five cans of starting fluid and a can of Coleman propane fuel, all known to be used in manufacturing methamphetamine. For Count III, the evidence showed pseudoephedrine found inside a sealed toy box in the trunk of Burgess's car was not sealed with tape like the manufacturer's original packaging. Further, police found more pseudoephedrine pills inside Burgess's car that day, as well as methamphetamine and smoking devices for inhaling methamphetamine in Burgess's possession.

In his pro se supplemental brief, Burgess contends his sentence violated the Sixth Amendment because the district court determined the amount of pseudoephedrine instead of the jury. Relying on Blakely v. Washington, 124 S. Ct. 2531 (2004), Burgess points out the indictment did not charge a quantity of pseudoephedrine, the jury instructions did not contain any quantity of the drug, and the jury's verdict did not make a finding about the quantity of pseudoephedrine possessed by Burgess. At sentencing, Burgess repeatedly objected to the district court's finding of pseudoephedrine quantity. Given the Supreme Court's recent decision in United States v. Booker, 2005 WL 50108 (S. Ct. 2005), we remand

Burgess's case for resentencing. In <u>Booker</u>, the Court held the mandatory sentencing guidelines scheme used by federal courts is unconstitutional, and is now "effectively advisory." <u>Id.</u> at \_\_\_. Thus, defendants like Burgess are entitled to a new sentencing hearing. <u>Id.</u> at \_\_\_.

We reject the other arguments raised by Burgess in his pro se brief. In sum, we affirm Burgess's convictions, but remand for resentencing in accordance with <u>Booker</u>.

_____