# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2765

_____

United States of America,         \*
         \*
        Appellee,    \*
         \*   Appeal from the United States
    v.          \*   District Court for the
         \*   District of South Dakota.
Robert Allen Walters, also known as  \*
Michael Genovese, also known as    \*   [UNPUBLISHED]
Robert Genovese,        \*
         \*
        Appellant.    \*

_____

Submitted: September 28, 2007
Filed: October 1, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Robert Allen Walters appeals the sentence imposed by the district court[1] after he pleaded guilty to mailing a threatening communication, in violation of 18 U.S.C. § 876(c). He argues the district court erred in applying an enhancement under U.S.S.G. § 2A6.1(b)(2) upon determining that the offense involved more than two

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

threats. Specifically, he challenges the district court's finding that the letters in question were objectively threatening.

We review the district court's application of the Guidelines de novo and its factual findings for clear error. See United States v. Amsden, 213 F.3d 1014, 1015 (8th Cir. 2000). We agree with the district court's application of section 2A6.1(b)(2), because the letters were substantially and directly related to the offense conduct. See U.S.S.G. § 2A6.1, comment. (n.1) (in determining whether enhancement should apply, court should consider conduct that is "substantially and directly connected to the offense, under the facts of the case taken as a whole"). We also conclude that the court did not clearly err in finding the letters objectively threatening, because we believe that unambiguous language in the letters would lead any reasonable person familiar with the context to perceive the letters as threatening. See United States v. Bellrichard, 994 F.2d 1318, 1323-24 (8th Cir. 1993) (standard is whether "a reasonable recipient, familiar with the context of the communication, would interpret it as a threat"; communications must be viewed both in "textual context and also in the context of the totality of the circumstances in which the communication was made").

Accordingly, we affirm.

_____