259 F.Supp.2d 929 (2003)
David S. CATTOOR, Petitioner,
v.
James A. GAMMON, Respondent.
No. 4:00 CV 858 DDN.
United States District Court, E.D. Missouri, Eastern Division.
February 28, 2003.
*930 David S. Cattoor, Moberly, MO, pro se.
Stephen D. Hawke, Michael J. Spillane, Atty. Gen. of Missouri, Assist. Atty. Gen., Jefferson City, MO, for respondent.

MEMORANDUM
NOCE, United States Magistrate Judge.
This action is before the Court upon the petition of Missouri state prisoner David S. Cattoor for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c). The Court concludes that Cattoor is not entitled to habeas relief.
On August 10, 1994, Cattoor was found guilty by a jury in the Circuit Court of St. Charles County, of robbery in the first degree, a Class A Felony. (Doc. 8 Ex. 3 at 530). On October 7, 1994, petitioner was sentenced to twenty years imprisonment. (Id. Ex. 4 at 14).
Cattoor filed a post-conviction relief motion pursuant to Missouri Supreme Court Rule 29.15. Petitioner's direct appeal was suspended pending resolution of his post-conviction motion. Petitioner then filed an amended motion. (Id. Ex. 8 at 15). The Circuit Court denied the motion after an evidentiary hearing. (Id. at 26-31.)
Thereafter Cattoor appealed the denial of post-conviction relief. That appeal was consolidated with his direct appeal of his conviction. Ultimately, the Missouri Court of Appeals affirmed Cattoor's conviction and the denial of post-conviction relief. (Id. Ex. 11).
Petitioner seeks federal habeas corpus relief on two grounds:
(1) the trial court abused its discretion in not granting a continuance of his trial based on newly discovered evidence; and
(2) he received ineffective assistance of counsel because trial counsel did not investigate potential witness Tonnia Wyhs.[1]
(Doc. 4 at 5).
Respondent argues: (1) The Missouri Court of Appeals acted reasonably in rejecting Cattoor's claim that it was a due process violation to deny a continuance; and (2) The Findings of Fact and Conclusions of Law by the Rule 29.15 motion court and the affirmance by the Missouri Court of Appeals are reasonable and entitled to deference under 28 U.S.C. § 2254(d)(e). (Doc. 8 at 2).

BACKGROUND
The trial evidence supporting the verdict indicated the following facts. On November 17, 1993, Cattoor walked into For Lovers Only, a lingerie store, and approached the only employee in the store, Amy Dalton. Petitioner asked Dalton for change for a dollar. When Dalton opened the *931 cash register, Cattoor pulled out a gun and demanded all of her money. Dalton placed the money, approximately two hundred fifty dollars, in a plastic bag provided by Cattoor and Cattoor left the store. (Id. Ex. 2 at 237-42).
Subsequently, police established an investigative link between For Lovers Only and Very Intimate Play Things ("VIP"). VIP is also a lingerie store and is less than one block from For Lovers Only. Police informed VIP employee Robert White of the For Lovers Only robbery and gave him a description of the suspect, Cattoor. (Id. at 318-19).
Approximately two or three days later, Cattoor entered VIP and was recognized by White as matching the description of the robber that police gave him. White believed that Cattoor was behaving suspiciously and called 911 after Cattoor left the store. White gave the police the license number of Cattoor's car. (Id. at 319, 322-24).
Police ran the license plate and found that the car was registered to Cattoor. When police contacted Cattoor about the For Lovers Only robbery, Cattoor presented his first of three false alibis. Petitioner's first false alibi was his claim that he was working for the Wells Fargo Security Company ("Wells Fargo") and was assigned to a post at Hitchiner during the robbery. Wells Fargo told police Cattoor was not working for them on the date of the robbery. (Id. at 335-36, 339-40).
The police then presented a photographic line-up to the For Lovers Only employee, consisting of six photographs. The employee selected Cattoor as the robber. (Id. at 342-44).
After police informed Cattoor the alibi he gave them was not true, petitioner gave police a second alibi. Cattoor told police he was working for Wells Fargo at a Toys `R Us location during the robbery. Again, Wells Fargo told police that was not true. (Id. at 350-51).
After police informed petitioner his second alibi was not true, petitioner gave police a third alibi. Cattoor claimed that he had been at the Wells Fargo office until ten minutes before the robbery. However, Wells Fargo told police that petitioner was not at their office at all on the date of the For Lovers Only robbery. When police told Cattoor that his third alibi was false, he did not offer an explanation. (Id. at 352, 354).

STANDARD OF REVIEW
Federal habeas relief may not be granted on a claim that has been adjudicated on the merits in state court proceedings unless the adjudication of the claim
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d). Furthermore, a determination of a factual issue made by a state court is presumed to be correct and must be rebutted by clear and convincing evidence. Id., § 2254(e)(1).

GROUND 1
In Ground 1 Cattoor alleges that the trial court abused its discretion in overruling his request for a continuance of his trial based on alleged newly discovered evidence,[2] thus denying petitioner's right *932 to due process. (Doc. 4 at 5). Respondent argues the trial court made a reasonable decision that a continuance was not appropriate under Missouri law, and that it was consistent with United States Supreme Court precedent to deny relief on this ground.
Federal habeas corpus courts afford broad discretion to state trial courts on matters of continuances. Morris v. Slappy, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances. Id. Only an unreasoning and arbitrary insistence on speed in the face of a justifiable request for delay would provide grounds for reversal. United States v. West, 878 F.2d 1111, 1112 (8th Cir.1989), post-conviction relief affd and rev'd in part on other grounds, 994 F.2d 510 (8th Cir.1993).
The circuit court did not abuse its discretion in denying Cattoor's request for a continuance. Defense counsel asked for a continuance of "some time." (Doc. 8 Ex. 3 at 425). The trial court was well within its discretion in denying a continuance of an indefinite duration. The trial court provided a compelling rationale for denying the continuance:
[W]hat we havereally all we have is a composite that is similar to the composite that was used in this case. If I granted a continuancewe do not have an individual who is in custody, we have a suspect at large. I think it would be completely futile to grant a continuance, to dismiss the jury and bring them back at some point in the future. I think that's completely unworkable, and I think everyone concedes that's unworkable.
(Id. at 431). The Missouri Court of Appeals affirmed the denial of post-conviction relief. (Doc. 8 Ex. 11).
The trial court's finding that granting the continuance would disrupt the trial progress is entitled to the presumption of correctness under § 2254(e)(1). Cattoor has not rebutted the presumption by clear and convincing evidence, as required by § 2254(e)(1). In sum, petitioner has not shown that the trial court's decision to deny him a continuance was objectively unreasonable. Ground 1 is without merit.

GROUND 2
In Ground 2 Cattoor alleges that he received constitutionally ineffective assistance of counsel because trial counsel failed to investigate potential alibi witness Tonnia Wyhs. (Doc. 4 at 5). Respondent argues Wyhs' alibi testimony is incredible and refuted by the record as is the allegation that Cattoor asked counsel to present testimony from Wyhs. (Doc. 8 at 2).
To prevail on this claim, petitioner must demonstrate that his attorney's performance fell below an objective standard of reasonableness, and that the deficient performance was prejudicial in that the result of the proceeding would have been different absent the error. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Smith v. Bowersox, 311 F.3d 915, 920-21 (8th Cir.2002), cert, denied 522 U.S. 954, 118 S.Ct. 377, 139 L.Ed.2d 294 (1997).
The Rule 29.15 motion court made the following findings when it denied Cattoor's claim:
In paragraph 13B of his amended motion, movant claims for the first time that trial counsel was ineffective for not calling as alibi witnesses Mike and Dawn Stone and Tonnia Wyhs. Again, the court notes that this is a recent complaint. Movant never made this complaint *933 to the trial court. During the sentencing hearing when asked if his attorney had done all that was asked, movant only complained that counsel failed to find "the person" who committed the crime (Sentencing Transcript page 15, lines 18-20). No mention was ever made of any alibi witnesses. Of course, movant also never included this complaint in his pro se motion. Of his three most recent alibi witnesses, only one bothered to show up for the December 15 deposition. Tonnia Whys testified that she told movant that she could provide him with an alibi for the evening of November 17, the date of the crime. She testified that she told movant this within one week of November 17th. She also testified that she tried to call movant's attorney, Harry Anderson, with this information. However, Wyhs' testimony is contradicted by the movant himself who testified [that] in preparing for trial, he could not remember where he had been on the evening of November 17th, and that he obtained Wyhs and the Stone's names from an investigator hired by Mr. Anderson. (Page 24, line 24 & 25). The transcript of the trial indicated that movant gave police three different alibis when they interviewed him, none of these alibis checked out and none of them involved Wyhs or the Stones. This is particularly perplexing because movant was not interviewed by the police until late December, well after the time that Wyhs testified that she informed movant that she could provide him with an alibi. The court is also suspicious that Wyhs never attempted to contact the police or prosecutor with this alibi information and claims only to have made one phone call to Mr. Anderson. The court doubts that this call was ever made to Mr. Anderson because Mr. Anderson testified that he did not enter his appearance on the case until many months later. He testified that he had no recollection of any phone calls from Whys or the Stones. He also testified that he worked very hard to locate alibi witnesses for movant, spending at least two days in St. Charles County with his investigator following up on leads provided by movant. None of these leads involved Wyhs or the Stones. The fact that neither of the Stones testified at the PCR hearing also serves to undercut Wyhs' credibility. Considering all of these facts, the court finds Ms. Wyhs not to be a credible witness and chooses to disbelieve her entire testimony as well as that of movant. This claim is DENIED.
(Doc. 8 Ex. 8 at 29-31). The Missouri Court of Appeals affirmed the denial of post-conviction relief. (Id. Ex. 11).
The cardinal issue before this court on Ground 2 is whether the Rule 29.15 motion court reasonably determined that Cattoor's trial counsel's failure to secure Wyhs as a defense witness was not constitutionally ineffective assistance of counsel. That court's finding that petitioner's witness was not credible is entitled to the presumption of correctness under § 2254(e)(1). See Bailey v. Weber, 295 F.3d 852, 855 (8th Cir.2002) (under 28 U.S.C. § 2254(e)(1), the state court's determination of a factual issue is presumed to be correct, and that presumption of correctness can only be rebutted by clear and convincing evidence). Petitioner has not rebutted the presumption by clear and convincing evidence, as required by § 2254(e)(1).
Especially in light of this credibility finding, it cannot be reasonably said that counsel's performance was constitutionally deficient. Cattoor gave police three false alibis. None of his false alibis involved Tonnia Wyhs. Counsel was not ineffective because Wyhs proved not to be a credible witness.
*934 In sum, petitioner has not shown that the Rule 29.15 motion court's decision to deny him relief on this ground was objectively unreasonable.
For these reasons, the petition for a writ of habeas corpus of David S. Cattoor is denied. An appropriate Order is issued herewith.

FINAL JUDGMENT ORDER
In accordance with the Memorandum filed herewith,
IT IS HEREBY ORDERED that the petition of David S. Cattoor for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed with prejudice. Any pending motion is denied as moot.
NOTES
[1] This name has various spellings in the documents. See Doc. 8 at 2 (Tonia Wyhs); id. Ex. 5 at 5 (Tanya Weiss); id. Ex. 8 at 29 (Tonnia Wyhs); id. (Tonnia Whys).
[2] The alleged newly discovered evidence was a newspaper article describing a robbery that transpired while Cattoor was in custody.